486 So.2d 485 (1986)
Ex Parte: Larry Joe JORDAN.
(Re: Larry Joe Jordan v. State).
84-621.
Supreme Court of Alabama.
January 10, 1986.
On Rehearing March 7, 1986.
Rehearing Denied March 31, 1986.
*486 Roger C. Appell, Birmingham, for petitioner.
Charles A. Graddick, Atty. Gen., and Jane LeCroy Brannan, Asst. Atty. Gen., for respondent.
PER CURIAM.
On October 22, 1982, at about 7:00 p.m., Larry Joe Jordan went to the house of Daniel Moro, where he allegedly drank two beers. Jordan and Moro then drove in Jordan's Jeep to a package goods store, and Moro testified that on the way Jordan ran two vehicles off the road. At the store, Jordan purchased a bottle of tequila, which he opened and drank from on the way back. Moro testified that on the return to his house Jordan continued his erratic behavior, driving his Jeep in the wrong lane. Moro further stated that he took the steering wheel and eased the Jeep back into the proper lane. While looking angrily at Moro, Jordan jerked the steering wheel back, causing the Jeep to re-enter the other lane of traffic and collide with an approaching car driven by John Odum. Odum was killed.
The grand jury returned an indictment charging Jordan with murder. The text of the indictment reads:
"The grand jury of said county charge that, before the finding of this indictment, LARRY JOE JORDAN, whose name is to the Grand Jury otherwise unknown, did recklessly engage in conduct which manifested extreme indifference to human life and created a grave risk of death to a person other than the said Larry Joe Jordan, and did thereby cause the death of John Howard Odom [[1]] by operating a motor vehicle under the influence of alcohol and did thereby cause the death of John Howard Odom by striking the vehicle which John Howard Odom was operating, in violation of Section 13A-6-2 of the Alabama Criminal Code,
"2nd: The Grand Jury of said county further charge that, before the finding of this indictment, LARRY JOE JORDAN, whose name is to the Grand Jury otherwise unknown, did intentionally cause the death of another person, John Howard Odom, by operating a motor vehicle under the influence of alcohol and did thereby cause the death of John Howard Odom by striking the vehicle which John Howard Odom was operating, in violation of Section 13A-6-2 of the Alabama Criminal Code."
At trial, Jordan requested a jury instruction that vehicular homicide was a lesser included offense of murder. The trial court denied the request. Jordan was convicted in the Circuit Court of Jefferson County under Count I of the murder indictment and was sentenced to forty years in the penitentiary. The Court of Criminal Appeals affirmed the conviction, 486 So.2d 482, and Jordan petitioned this Court for a writ of certiorari, which we granted. We reverse the judgment and remand for further proceedings.
The only issue before this Court is whether the Court of Criminal Appeals erred in not reversing the trial court for its refusal to charge the jury that homicide by vehicle, § 32-5A-192, was a lesser included offense of murder.
The murder statute reads, in pertinent part:

*487 "(a) A person commits the crime of murder if:
"....
"(2) Under circumstances manifesting extreme indifference to human life, he recklessly engages in conduct which creates a grave risk of death to a person other than himself, and thereby causes the death of another person...."
Code 1975, § 13A-6-2(a). The vehicular homicide statute provides:
"(a) Whoever shall unlawfully and unintentionally cause the death of another person while engaged in the violation of any state law or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic shall be guilty of homicide when such violation is the proximate cause of said death."
Code 1975, § 32-5A-192(a). For vehicular homicide to be classified as a lesser included offense of murder, the offense must meet the definitional requirements of Code 1975, § 13A-1-9, which states, in pertinent part:
"(a) A defendant may be convicted of an offense included in an offense charged. An offense is an included one if:
"(1) It is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged; or
"....
"(4) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interests, or a lesser kind of culpability suffices to establish its commission.
"(b) The court shall not charge the jury with respect to an included offense unless there is a rational basis for a verdict convicting the defendant of the included offense. (Acts 1977, No. 607, p. 812, § 126.)"
Code 1975, § 13A-1-9.
The Court of Criminal Appeals relied principally on Whirley v. State,[2] 481 So.2d 1151 (Ala.Crim.App.1985), cert. quashed, Ex parte State, 481 So.2d 1154 (Ala.1986). The Court of Criminal Appeals held in Whirley that vehicular homicide was not a lesser included offense of murder because the offense failed to meet the requirements of § 13A-1-9. Discussing subsection (1), the Court of Criminal Appeals specifically noted that the use of a vehicle is a required element of proof for vehicular homicide, but not for murder under § 13A-6-2. Whirley v. State, supra, at 1154. In regard to subsection (4), that court stated:
"[A]lthough homicide by vehicle requires a `lesser kind of culpability' than murder under § 13A-6-2(a)(2), it does not differ from the offense of murder only in that respect. See § 13A-1-9(4).... [W]e conclude that homicide by vehicle `require[s] something more.' Washington [v. State] [Ala.], 448 So.2d [404] at 408 [(1984)]. The additional difference between the offense of murder ... and the offense of homicide by vehicle ... is the requirement of the latter crime that the `murder weapon' be a vehicle. `This additional difference ... precludes the latter from being an included offense, since it can be established only by a showing of facts not required in order to be convicted of ... murder under § 13A-6-2(a)[2].' *488 Washington, 448 So.2d at 408." (Emphasis in original.)
Whirley v. State, supra, at 1154.
Essentially, the decision below stands for the proposition that a set of facts establishing the commission of murder can never also establish the commission of vehicular homicide. The error in this approach is that the court creates a broad rule which fails to take into account the facts of each case. The court considers the potential relationship of the murder and vehicular homicide statutes only in abstract terms and completely ignores the facts of this case and the indictment under which Jordan was charged. We find this application of § 13A-1-9 to these statutes and facts erroneous.
Under the proper application of subsection (1) of the lesser-included-offense statute to these criminal statutes, the issue is simple: Can all or fewer than all of these facts establishing the commission of murder also establish the commission of vehicular homicide? In the present case, they conceivably can. According to the language of the indictment and the jury's subsequent conviction thereunder, Jordan "did recklessly engage in conduct which manifested extreme indifference to human life and created a grave risk of death ... and did thereby cause the death of John Howard Odom by operating a motor vehicle under the influence of alcohol ... [and] striking the vehicle which John Howard Odom was operating...." Some of these very same facts could establish the commission of vehicular homicide. Jordan operated a vehicle in a manner violating motor vehicle traffic laws, specifically, DUI laws. His driving proximately caused Odum's death.
Under the proper application of subsection (4), the issue is whether the two criminal statutes differ under these facts only in that vehicular homicide contemplates a less serious injury or risk of injury or requires a lesser kind of culpability. As the court correctly noted, vehicular homicide does require a lesser kind of culpability. Reckless conduct creating a "grave risk of death" and "manifesting extreme indifference to human life" does encompass conduct in violation of motor vehicle laws which unintentionally but proximately causes another's death.
Therefore, under the facts of this case, vehicular homicide is a lesser included offense of murder by way of application of either subsections (1) or (4) of Code 1975, § 13A-1-9. Consequently, Jordan was entitled to this additional jury charge.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, JONES, ALMON, SHORES, BEATTY, ADAMS[3] and HOUSTON, JJ., concur.
MADDOX, J., not sitting.

ON APPLICATION FOR REHEARING
In its application for rehearing, the State contends, for the first time, that the trial court's refusal to charge the jury on vehicular homicide was harmless error. We acknowledge that ordinarily we do not consider issues raised for the first time on rehearing. This case presents an example of the few exceptions to this rule. On original submission, the State argued only that it was not error to refuse the requested charge on vehicular homicide, basing its position on its argument that vehicular homicide can never be a lesser included offense under a charge of murder. It was only after this Court held otherwise on original deliverance that the State argued that even if it is a lesser included offense under some fact situations, it was harmless error to refuse the charge in this case. We agree and extend our opinion accordingly.
The trial court instructed the jury on murder and on the lesser included offenses of manslaughter and criminally negligent homicide. As lesser included offenses, these two offenses require a lesser *489 kind of culpability to establish their commission. Manslaughter requires reckless conduct, where the actor is aware of and consciously disregards a substantial and unjustifiable risk that death will occur. Code 1975, §§ 13A-6-3, 13A-2-2(3). Criminally negligent homicide requires a failure to perceive such a substantial and unjustifiable risk. Code 1975, §§ 13A-6-4, 13A-2-2(4). Thus, on a continuum of culpability, these two offenses stand between murder and vehicular homicide.
Although the jury was given the opportunity to apply the elements of manslaughter and criminally negligent homicide to the facts of this case, the jury rejected these theories to reach a verdict of guilty on the greater offense of murder. Therefore, we must logically conclude that an instruction on vehicular homicide, although proper, would not have affected the outcome of this case. See State v. Nowlin, 244 N.W.2d 591 (Iowa 1976) (no prejudice resulted where court instructed jury on first- and second-degree murder but not on lesser included offense of manslaughter and verdict for first-degree murder was returned); Wilcox v. State, 299 So.2d 48 (Fla. Dist.Ct.App.1974) (failure to instruct on lesser included offense of assault was harmless error where verdict of guilty of robbery was returned after instructions were given on four other lesser included offenses). Consequently, because the trial court's refusal to instruct the jury on vehicular homicide did not prejudice Jordan, the refusal was harmless error, and he is not entitled to a new trial.
We hereby extend our opinion to affirm the conviction.
APPLICATION GRANTED; OPINION EXTENDED; AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON, SHORES, BEATTY, ADAMS and HOUSTON, JJ., concur.
JONES, J., dissents.
MADDOX, J., not sitting.
JONES, Justice (dissenting):
I respectfully dissent. I cannot accept the "harmless error" conclusion of the majority opinion. I agree that the majority's "no prejudice" rationale comports with a certain strained kind of hindsight logic, but, in my view, this is another of those rare cases in which the application of pure, abstract logic does not result in a good rule of law. See Ex parte Edwards, 452 So.2d 508 (Ala.1984) (Jones, J., dissenting).
It has long been an established rule in this State that a criminal defendant is entitled to have a jury instructed on every lesser included offense supported by the evidence. In the instant case, there were three such offenses; the trial court instructed on the first and second, but omitted any instruction on the third. Acknowledging error and applying the logic of 20/20 hindsight, the majority affirms the conviction despite the error, because, the majority concludes, surely the jury that found him guilty of the higher crime for which he was indictedthus necessarily rejecting the two lesser included offenses would not have found otherwise if it had been instructed on the third lesser included offense.
How can we ever know with any degree of certainty what the jury would have found if we deny this defendant and others similarly situated the full benefit of the lesser included offense rule? Under the holding of this case, a trial judge is justified in instructing the jury on the law of the next lesser -included offense, to the exclusion of all others, with the assurance that his error will not be pronounced reversible if the jury finds the defendant guilty of the greater offense.
These are the cases that bring us back again and againto Justice Holmes's wisdom: "The life of the law has not been logic: it has been experience." Certain rights are just too fundamental to risk on the trash heap of abstract logic, for experience warns us that the deprivation of those rights must not find its justification in hindsight. How often must we learn afresh that legal error affecting a fundamental *490 right is a threat to the preservation of that right and cannot be brushed aside and treated as "harmless"?
NOTES
[1] While the indictment contains the name "Odom," the record indicates the name is "Odum."
[2] In Whirley, just the opposite set of facts occurred. The State requested a jury instruction on vehicular homicide as a lesser included offense of murder, which defendant Whirley opposed. The trial court granted the request. The Court of Criminal Appeals reversed, holding that vehicular homicide was not such a lesser included offense. The court also held the vehicular homicide statute unconstitutional at the time of Whirley's trial because it provided both misdemeanor and felony punishment. The State petitioned this Court for a writ of certiorari, which we initially denied. The writ, however, was granted ex mero motu to look at Whirley and the present case for the purpose of reviewing the "lesser included offense" holding. But in its brief in Whirley, and during oral argument, the State conceded to the holding and instead argued the constitutionality of the statute. Consequently, this day we have quashed the writ in Whirley as improvidently granted; see Ex parte State, 481 So.2d 1154 (Ala.1986).
[3] Although Justice Adams did not sit at oral argument, he has listened to the tapes of oral argument and studied the record and briefs.