TYSON, Judge.
Frederick Johnston was indicted for the offense of manslaughter, in violation of § 13A-6-3, Code of Alabama 1975. The appellant was found “guilty as charged in the indictment.” He was sentenced to ten years in the penitentiary, and fined $100 to pay as restitution.
Several witnesses testified that around midnight on September 21, 1985, they saw this appellant driving his vehicle approximately 60-65 miles per hour on Azalea Road in Mobile County, Alabama. One witness testified that he was driving north on Azalea Road (a four-lane road) in the curb lane of the northbound lane when the appellant, driving in the same direction, passed him in the curb lane of the southbound lane. Another witness stated he was traveling north in the passing lane, passing a car in the curb lane, when the appellant’s car came up behind him from “out of nowhere” and almost hit him. As soon as the witness’ car had passed the other car, the appellant whipped into the curb lane and passed him. Another witness, who was a passenger in a car traveling north on Azalea Road, saw the appellant’s car fishtail and crash.
Apparently the appellant’s vehicle slid across Azalea Road, hit a telephone pole and came to rest against a tree. The passenger in the appellant’s car, Walter Mur-rah, was pinned underneath the vehicle. He died of blunt force injuries to his body and compression of the chest as a result of the car crash.
The appellant’s blood alcohol content was .246, approximately one and one-half hours after the accident. The speed limit on Azalea Road is 35 miles per hour.
The appellant admitted drinking “at least seven beers” prior to the time of the accident. He stated he was driving 50-60 miles per hour on Azalea Road when a car pulled out in front of him. The appellant said he swerved to avoid an accident and hit the curb which caused him to slide across the road and hit the telephone pole. He denied driving recklessly prior to this accident.
Albert Michael Phillips’ testimony supported the appellant’s version of the accident. Leonard was a friend of both the appellant and the victim and was following them to a club to play pool. This witness did not stop at the accident scene.
I
The appellant contends that the trial judge erred by refusing to charge the jury on the offense of vehicular homicide. Under the facts of this case, we find that vehicular homicide would be a lesser included offense of the charge of manslaughter, according to Ex parte Jordan, 486 So.2d 485 (Ala.1986).
However, just as in Jordan, supra, we conclude that the trial court’s error in failing to charge the jury on vehicular homicide was harmless.
*246 In the present case, the jury was instructed on the offenses of manslaughter and criminally negligent homicide. In Jordan, supra, the Alabama Supreme Court stated that on a “continum of culpability,” criminally negligent homicide is between manslaughter and vehicular homicide. Thus, since the jury was charged on the offenses of manslaughter and criminally negligent homicide and the jury convicted the appellant of the greater offense, “an instruction on vehicular homicide, although proper, would not have affected the outcome of this case.” Jordan, supra, at 489. The error here was, therefore, harmless.
II
The appellant argues on appeal that the results of his blood alcohol test should not have been admitted. He alleges on appeal that, when the blood test was administered, Miranda procedures should have been followed because it could be “inferred” that he was already in custody.
At trial, the only objection to the admission of the test results was on the basis that there was no evidence that the medical technologist, who performed the test, was certified by the Department of Public Health.
Thus, the appellant’s specific objection to the admission of the blood tests waives all other grounds of objection. Sprinkle v. State, 368 So.2d 554 (Ala.Cr. App.1978), writ quashed, 368 So.2d 565 (Ala.1979). We find no error here.
III
The appellant asserts that his ten-year sentence was disproportionate to the offense for which he was convicted. This court will not review sentences which are within statutorily prescribed limits absent clear abuse. Lyle v. State, 497 So.2d 834 (Ala.Cr.App.1986); German v. State, 492 So.2d 622 (Ala.Cr.App.1985), cert. quashed, 492 So.2d 622 (Ala.1986). The appellant’s sentence was within the range of permissible sentences for the offense of manslaughter. Furthermore, under the facts of this case, we do not find his sentence was disproportionate to the offense for which he was convicted.
The judgment of the trial court is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.