Marlon F. Farmer was convicted of attempted assault in the first degree and was sentenced to 10 years' imprisonment. He was also convicted of three counts of reckless endangerment and given concurrent sentences of six months' imprisonment in each case. On this appeal from those four convictions, Farmer raises two issues.
 I
Section 13A-11-61(a), Ala. Code (1975), provides:
 "(a) No person shall shoot or discharge a firearm, explosive or other weapon which discharges a dangerous projectile into any occupied or unoccupied dwelling . . . in this state."
Under § 13A-11-61(b), discharging a firearm into an occupied dwelling (a residence) is a Class B felony. Farmer was indicted under § 13A-11-61(b). He was convicted of reckless endangerment which is a misdemeanor under § 13A-6-24:
 "A person commits the crime of reckless endangerment if he recklessly engages in conduct which creates a substantial risk of serious physical injury to another person."
The defendant argues that reckless endangerment is not a lesser included offense of discharging a firearm into an occupied dwelling because "it is quite possible to commit the offense of shooting into a dwelling without creating a substantial risk of serious physical injury to another person." Appellant's brief at 10. That contention is misleading because the indictments in these cases charged the shooting into anoccupied dwelling.
Section 13A-1-9(a) provides:
 "A defendant may be convicted of an offense included in an offense charged. An offense is an included one if:
 "(1) It is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged; or
". . . .
 "(4) It differs from the offense charged only in the respect that . . . a lesser kind of culpability suffices to establish its commission."
In Ex parte Jordan, 486 So.2d 485 (Ala. 1986), the Alabama Supreme Court held that vehicular homicide, under certain facts, may constitute a lesser included offense of murder by virtue of subsections (1) and (4) of § 13A-1-9. The analysis employed there is applicable here: *Page 1240 
 "Under the proper application of subsection (1) of the lesser-included-offense statute to these criminal statutes, the issue is simple: Can all or fewer than all of these facts establishing the commission of [discharging a firearm into an occupied dwelling] also establish the commission of [reckless endangerment]? In the present case, they conceivably can. . . .
 "Under the proper application of subsection (4), the issue is whether the two criminal statutes differ under these facts only in that [reckless endangerment] . . . requires a lesser kind of culpability."
Jordan, 486 So.2d at 488 (emphasis in original). In determining whether one offense is a lesser included offense of another, a court must "take into account the facts of each case," and should not consider the potential relationship of the two offenses "only in abstract terms and completely [ignore] the facts of [the] case and the indictment under which [the defendant] was charged." Jordan, 486 So.2d at 488.
Under the facts of this case, we find that reckless endangerment is a lesser included offense of discharging a firearm into an occupied dwelling by way of application of either subsection (1) or (4) of § 13A-1-9.
Furthermore, we note that the defendant failed to preserve this issue for review by objection in the circuit court.
 II
The defendant argues that the State failed to present a prima facie case of attempted assault in the first degree because there was no evidence from which the jury could infer that he intended to cause "serious physical injury" rather than merely physical injury to the victim.
"A person commits the crime of assault in the first degree if: (1) With intent to cause serious physical injury to another person, he causes serious physical injury to any person by means of a deadly weapon or a dangerous instrument." §13A-6-20(a).
The evidence shows that, while the defendant and his wife were separated, his wife was "seeing" both the defendant and the victim. The defendant had requested the victim to get out of his life and leave his family alone. Although the evidence of self defense is disputed, the State's evidence does show that the defendant fired at least 25 rounds from a Colt AR-15 rifle at the victim. The shooting stopped when the victim fled into a wooded area and when a police siren could be heard. Under these facts, whether the defendant intended to cause the victim serious physical injury was a question for the jury.
By statute, a "firearm" constitutes a "deadly weapon." §13A-1-2(11). "[T]he law infers from the use of a deadly weapon an intent to kill or to do grievous bodily harm." Fulghum v.State, 291 Ala. 71, 76, 277 So.2d 886, 890 (1973). An intent to take life may be inferred "from the character of the assault, the use of a deadly weapon, and the other attendant circumstances." Jackson v. State, 94 Ala. 85, 89, 10 So. 509,511 (1892). Compare McArdle v. State, 372 So.2d 897
(Ala.Cr.App.), cert. denied, 372 So.2d 902 (Ala. 1979).
The verdict of the jury is supported by the evidence. The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.