Eddie C. Eiland appeals from the circuit court's denial of his Rule 32, Ala.R.Crim.P., petition in which he contests his 1985 conviction for second degree assault and his resulting 20-year sentence. Eiland was indicted for attempted first degree rape (rape by forcible compulsion), see Ala. Code 1975, § 13A-6-61(a)(1), but pursuant to a plea bargain agreement, he pleaded guilty to second degree assault. The basis of the assertions in Eiland's petition is that the trial court, he says, did not have jurisdiction to adjudge Eiland guilty of second degree assault because the offense to which he pleaded guilty was not included in the indictment charging attempted first degree rape. In denying Eiland's petition, the circuit court found the allegations to be procedurally barred because the limitations period of Rule 32.2(c) had expired.
Eiland presents the following issues on appeal: (1) whether a limitations period applies to an invalid indictment without the convening of a grand jury to cure the amendment; (2) whether counsel was ineffective for failing to advise Eiland of his right to appeal; (3) whether the "amended indictment voids the court to render judgment or to impose the sentence"; and (4) whether the court erred in procedurally barring his Rule 32 petition — specifically the invalid indictment *Page 148 
claim — because of the expiration of the limitations period.
Issue (2) was barred by the expiration of the limitations period, Rule 32.2(c), and thus is not before this court. However, Eiland's arguments relating to issues (1), (3), and (4) are based on Eiland's assumption that he pleaded guilty to a crime for which he had not been indicted. If this is true, the trial court did not have jurisdiction to render a judgment on his guilty plea. See Ford v. State, 612 So.2d 1317
(Ala.Cr.App. 1992); Ross v. State, 529 So.2d 1074
(Ala.Cr.App. 1988). An indictment cannot be amended to charge an offense that is not a lesser included offense, within the meaning of § 13A-1-9(a)(1), of the crime charged in the indictment. Green v. State, 619 So.2d 952 (Ala.Cr.App. 1993);Ross.
Because the trial court's jurisdiction has been challenged, the circuit court erred in dismissing Eiland's petition without determining the merits of the jurisdiction claim. If the jurisdiction claim is meritorious, it cannot be barred by the limitations period. See Rule 32.2(c).
Thus, the question becomes whether second degree assault is a lesser included offense of attempted first degree rape. Proper analysis for this determination is found in Anderson v.State, [Ms. CR-93-1071, October 21, 1994] ___ So.2d ___ (Ala.Cr.App. 1994). In Anderson, the court was confronted with the question of whether first degree assault under §13A-6-20(a)(1)[1] is a lesser included offense of rape by forcible compulsion. In addressing that issue, the court stated:
 "Although this Court has held that assault in the third degree [under § 13A-6-22(a)(1) — '[w]ith intent to cause physical injury to another person, [the assailant] causes physical injury to any person'] may be a lesser included offense of attempted rape, Williamson v. State, 570 So.2d 722
(Ala.Cr.App. 1990), reversed on other grounds, 584 So.2d 1289 (Ala. 1991), we have never answered the question whether first degree assault may be a lesser included offense of first degree rape. We now hold that under the particular facts presented by this case assault in the first degree [under § 13A-6-20(a)(1)] is a lesser included offense of rape in the first degree.
". . . .
 ". . . Section 13A-1-9(a)(1) defines a 'lesser included offense' as one that 'is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged.' The Alabama Supreme Court has made it clear that
 " '[i]n determining whether one offense is a lesser included offense of the charged offense, the potential relationship of the two offenses must be considered not only in the abstract terms of the defining statutes but must also be considered in light of the particular facts of each case. See Ex parte Jordan, 486 So.2d 485, 488 (Ala. 1986).'
 "Ingram v. State, 570 So.2d 835, 837
(Ala.Cr.App. 1990) (emphasis in original). The appellant argues that 'rape in the first degree does not require proof of a serious physical injury, intent to cause serious physical injury, or the use of a deadly weapon or dangerous instrument [and] . . . assault in the first degree does not require proof of any of the same elements as the offense of rape in the first degree,' Appellant's brief at 8 (emphasis in original). This argument is flawed because it considers the potential relationship of the two offenses — rape and assault — only in the abstract terms of the defining statutes and fails to take into account the particular facts of this case.
 "Ex parte Jordan, 486 So.2d 485 (Ala. 1986), requires us to do more than analyze the statutory elements of the two offenses. After Jordan, the correct inquiry in a prosecution such as this is: 'Can all or fewer than all of these facts [as testified to by G.H.] establishing the commission of [rape in the first degree] also establish the *Page 149 
commission of [assault in the first degree]?' Ex parte Jordan, 486 So.2d at 488 (emphasis in original). The answer to that question in this case is 'yes.' The same testimony by G.H. that tended to establish the forcible compulsion element of rape also tended to establish assault."
___ So.2d at ___. See also State v. Patton, 669 So.2d 1002,1005 (Ala.Cr.App. 1993) (utilizing the "same evidence" test ofBlockburger v. United States, 284 U.S. 299, 52 S.Ct. 180,76 L.Ed. 306 (1932), to determine whether two offenses were the "same" for double jeopardy purposes, the court held that "theBlockburger test should be applied in light of the particular facts in question and not to the elements of the crime in the abstract"). The victim in Anderson had testified that Anderson not only had raped her, but he had cut her with a knife and had beaten her severely. After holding that the trial court did not err in charging the jury that assault can be a lesser included offense of rape, the Anderson court found that while the evidence was insufficient to uphold Anderson's conviction for first degree assault, it was sufficient for a second degree assault conviction under § 13A-6-21(a)(2).[2] Thus, the court in effect held that second degree assault under § 13A-6-21(a)(2) was a lesser included offense of rape by forcible compulsion under the facts before it at that time.
Thus, the question in this case becomes whether all or fewer than all of the facts establishing the commission of attempted rape in the first degree also establish the commission of assault in the second degree. Because the circuit court did not address the merits of this issue, but dismissed Eiland's petition as procedurally barred, we remand this case for the circuit court to determine whether, under the particular facts of this case, second degree assault is a lesser included offense of attempted first degree rape.[3] When addressing this question, the court should specify the subsection of §13A-6-21, defining the offense of second degree assault, to which Eiland pleaded guilty. If the court finds that second degree assault is not a lesser included offense of attempted first degree rape under the facts of this case, then Eiland was convicted of an offense for which he had not been indicted, the trial court was without jurisdiction to accept Eiland's plea, this jurisdictional fault was not waived by Eiland's plea of guilty, and the trial court's judgment is void. See Glover v.State, 649 So.2d 216 (Ala.Cr.App. 1994) (on application for rehearing). The court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 56 days of the release of this opinion. The return to remand shall include a transcript of the remand proceedings, if any.
REMANDED WITH INSTRUCTIONS.
All Judges concur.
[1] "A person commits the crime of assault in the first degree if . . . [w]ith intent to cause serious physical injury to another person, he causes serious physical injury to any person by means of a deadly weapon or a dangerous instrument."
[2] "A person commits the crime of assault in the second degree if . . . [w]ith intent to cause physical injury to another person, he or she causes physical injury to any person by means of a deadly weapon or a dangerous instrument."
[3] The record does not contain sufficient facts from which this court could make this determination. At the hearing on Eiland's petition, the following occurred during Eiland's cross-examination:
"Q. The woman that you ran into that day, did you know her?
 "A. No, sir. I thought, from the appearance from behind, I thought it was someone that I did know, because I had just left a softball game and I was going down the street.
 "Q. What did you do with her when you went up to her that day?
"A. I grabbed her by the arm.
 "Q. Were you aware that there were witnesses that would testify, including her, that you grabbed her and threw her to the ground and told her that if she didn't have sex with you, that you would kill her?
 "A. No, sir, I did not say that. . . . A lot of people were standing there. This was in the middle of the street, 2:30 in the afternoon. . . .
. . . .
 "Q. After you grabbed her, when did you realize that it wasn't somebody you knew?
 "A. When she turned around and looked at me, I looked at her. And as she turned around, I saw that it wasn't her. I apologized and left. I said, 'Excuse me, I am sorry.' " *Page 150