ON RETURN TO REMAND

COBB, Judge.
The petitioner, James Paul Rice, pleaded guilty and was convicted of the offense of attempted rape in the second degree. The petitioner was originally indicted for rape in the first degree and for incest. The indictment was subsequently amended to charge attempted rape in the second degree. This is the appellant’s fourth post-conviction petition filed pursuant to Rule 32, Ala.R.Crim.P. He cites Hall v. State, 655 So.2d 51 (Ala.Crim.App.1995), in support of his argument that his plea was illegal. The Hall court stated, “An indictment can not be amended to charge an offense that was not encompassed in the original indictment.” Id., at 52. The petitioner argued that, under the facts of his case, second degree rape is not a lesser included offense of first degree rape. Therefore, he argues, the trial court was without jurisdiction to accept his guilty plea and his plea is void. Ex parte Jordan, 486 So.2d 485 *486 (Ala.1986). Because the record lacked details regarding the guilty plea proceeding, we remanded the ease for an evidentiary hearing. 682 So.2d 484 (Ala.Crim.App.1996).
Although this is the petitioner’s fourth post-conviction petition, he has shown good cause why he did not raise this issue in a previous petition and he has filed his petition within six months of discovering the rule of law articulated in Hall. (C. 13.) This court, in Mitchell v. State, 547 So.2d 1194 (Ala.Crim.App.1989) held that a similar situation provided an exception to the rule against successive petitions articulated in Rule 32.2(b), Ala.R.Crim.P.
On return to remand, the trial court filed an order finding that the victim was over the age of 16 years at the time of the offense; thus, second degree rape is not a lesser included offense of first degree rape under these facts. This very issue was addressed in Hall, supra. Hall held that the trial court was without jurisdiction to accept a guilty plea from the defendant on an offense for which he had not been indicted. See, Glover v. State, 649 So.2d 216 (Ala.Crim.App.1994); Ford v. State, 612 So.2d 1317 (Ala.Crim.App.1992); Ross v. State, 529 So.2d 1074 (Ala.Crim.App.1988); Rule 13.5(a), Ala.R.Crim.P. When the trial court accepts a guilty plea under such circumstances, the court’s judgment is void, because the court lacked jurisdiction. Glover, 649 So.2d, at 218. Further, a jurisdictional defect is not waived by a plea of guilty. Id. Accordingly, the circuit court erred in denying the petitioner’s Rule 32 petition.
For the foregoing reasons, the trial court’s judgment in this case is reversed and the case remanded.
REVERSED AND REMANDED.
All the Judges concur.