ON RETURN TO REMAND
The appellant, James Lorenza King, appeals from the circuit court's denial of his Rule 32, Ala.R.Crim.P., petitions contesting his three convictions in 1982: one for second degree rape and two for second degree sodomy. These convictions were based on King's pleas of guilty. We remanded this case with instructions to the circuit court to address King's allegation that the trial court was without jurisdiction to accept his three guilty pleas because, he argued, the offenses to which he pleaded guilty were allegedly not lesser included offenses of the offenses charged in the indictments — first degree *Page 932 
rape and first degree sodomy. King asserted in his petition:
 "The facts showing that the alleged victims in this case are not between the age of 12 and 16, nor are they incompetent to consent, therefore it is impossible for the Court to amend an indictment to a new charge of second degree rape which does not fulfill the element of the alleged crime."
In its return to remand, the circuit court found, "It would appear from the records of the District Attorney's Office, that the victim in this case does not fall within those categories of victims which would make rape in the second degree applicable as far as the statute is concerned." We assume that the same would be true for the second degree sodomy convictions.
This judgment must be reversed in accordance with the rule of law recently applied in Rice v. State, 682 So.2d 485
(Ala.Cr.App. 1996): when the trial court accepts a defendant's guilty plea to an offense for which the defendant has not been indicted, the court's judgment is void because the court lacked jurisdiction. See also Ellis v. State, 686 So.2d 1265
(Ala.Cr.App. 1996); Johnson v. State, 675 So.2d 85
(Ala.Cr.App. 1995); Eiland v. State, 668 So.2d 147
(Ala.Cr.App. 1995); Hammond v. State, 665 So.2d 970
(Ala.Cr.App. 1995); Hall v. State, 655 So.2d 51
(Ala.Cr.App. 1995); Glover v. State, 649 So.2d 216
(Ala.Cr.App. 1994); Ross v. State, 529 So.2d 1074
(Ala.Cr.App. 1988). The court in Rice found that because the victim was over the age of 16 at the time of the offense, second degree rape was not a lesser included offense of first degree rape under the facts. We must find likewise, given the facts before us.
The circuit court suggests that King's convictions be upheld under contractual law, i.e., the prosecution has a right to call for enforcement of the plea agreement entered into by King. However, such a position assumes that the trial court had jurisdiction: the trial court cannot enforce such an agreement if it had no jurisdiction to accept the plea agreement and the pleas based on that agreement.[1] Moreover, a defendant cannot consent to an improper amendment of an indictment. Green v.State, 619 So.2d 952 (Ala.Cr.App. 1993) (citing Ross). Explicit waiver of prosecution without an indictment can be accomplished in Alabama only within the confines of Amendment No. 37 of our constitution, Ford v. State, 612 So.2d 1317, 1323
(Ala.Cr.App. 1992), and the provisions of that amendment were not observed here.
The circuit court also finds, for the first time, that King's petition could be procedurally barred as successive because a petition for writ of error coram nobis was denied on July 7, 1987.[2] See Rule 32.2(b). The court in Rice rejected the application of the successive petition procedural bar even though the appellant had previously filed three Rule 32 petitions. We hold likewise. Moreover, we note that this is the first mention of the application of this bar: the state filed no response to King's petitions and the circuit court did not rely on this bar in its initial consideration.
For the foregoing reasons, the circuit court's judgment denying King's petitions is reversed and the case remanded.
REVERSED AND REMANDED.
All Judges concur.
[1] Moreover, "[i]f the defendant breaches a plea agreement, the government is free to reprosecute the defendant and bring more serious charges." Twenty-fifth Annual Review of Criminal Procedure, 84 Geo. L.J. 641, 1042-44 (1996) (footnotes omitted).
[2] This is the date reflected by the case action summary as when King's prior petition was denied. The circuit court notes that this petition was denied on June 27, 1989. However, from the case action summary, that date appears to be the date that the trial court denied King's "motion to produce copies." *Page 933