I concur in the result reached in the main opinion. I do not believe that the statute defining the offense of vehicular homicide is unconstitutional because there is no requirement of a culpable mental state. However, I do not believe that the mere inclusion of the word "unlawfully" in the statute supplies the requisite mental state. I believe that the Alabama Supreme Court in Ex parte Long, 600 So.2d 982
(Ala. 1992), and in Ex parte Jordan, 486 So.2d 485 (Ala. 1986), was correct in determining where the culpability necessary for a finding of vehicular homicide lies within the range of homicide statutes in Alabama; specifically, that it is less than criminal recklessness as in manslaughter, but more than criminal negligence as in criminally negligent homicide. Moreover, the court in Ex parte Long, citing Ex parteJordan, supra, determined that "`the range of statutes and ordinances that might support a conviction of vehicular homicide includes offenses that are more culpable than criminal negligence, such as §32-5A-191, driving under the influence of alcohol as in Jordan, or §32-5A-190, reckless driving, as the jury could have found [in Long.]'" Exparte Long, supra, at 987.
I believe the Alabama Legislature intended to designate vehicular homicide as a Class C felony because it never involves merely simple negligence. Rather, a factual situation that would support a charge of vehicular homicide requires not only "criminal negligence," but also that the negligent or reckless act forming the basis of the offense must be illegal and must occur when the perpetrator is operating a vehicle or a vessel, either of which is a potentially deadly weapon. Most importantly, this negligent or reckless and illegal act committed under circumstances involving a potentially deadly weapon must be the proximate cause of the death. While the illegal act might be one of strict liability, the acts prohibited by the statute were necessarily so designated because their prohibition is vital to the public safety. Anyone operating a vehicle or a vessel is absolutely required to know and to be aware of these laws, and proof of intent is particularly difficult when applied to these laws. Furthermore, it is doubtless that a vehicle or vessel is a potentially *Page 579 
deadly weapon and requires a greater standard of care in its operation.
A necessary element of this offense is that the defendant's actions were the proximate cause of the victim's death, and this element must be proved beyond a reasonable doubt by the State. Thus, where the victim's actions were the cause of the death a defendant cannot be found not guilty of this offense. This causation is a factual matter to be determined by the jury after the State has submitted sufficient evidence to place the issue before the jury.
The defendant's unintentional conduct falls somewhere between recklessness and criminal negligence, depending on the exact unlawful act committed. However, it should be noted that, in Alabama, "criminal negligence" has been held to require more culpability than "simple negligence." The commentary to § 13A-6-4, Ala. Code 1975, states the following concerning the degree of culpability required for "criminal negligence:"
 "Under § 13A-6-4(a)(1), `criminal negligence' means more than the negligence sufficient to establish tort liability. Several pertinent statements in the commentary to § 13A-2-2 are worth repeating:
 "`"Recklessly" (subdivision 3) and "criminal negligence" (subdivision 4) are more difficult. A common denominator in both is that in each instance the underlying conduct must involve a "substantial and unjustifiable risk" that a result or circumstance described in the penal statute will occur or exists. The reckless offender is aware of the risk and "consciously disregards" it. On the other hand, the criminally negligent offender is not aware of the risk created ("fails to perceive") and, therefore, cannot be guilty of consciously disregarding it. Thus, his culpability, though less than that of the reckless offender, is greater than that required for ordinary tort, or civil, negligence. The "substantial and unjustifiable" character of the risk involved and the requirement of "gross deviation" from the ordinary standard of care further distinguished the criminal from the mere tortfeasor.'
 "Insistence that criminal negligence be of a higher degree than is required for civil liability is consistent with the generally accepted view. See, e.g., United States v. Pardee, 368 F.2d 368 (4th Cir. 1966) (manslaughter by negligence is not made out by proof of ordinary simple negligence that would constitute civil liability. `The amount or degree or character of the negligence to be proven in a criminal case is gross negligence, to be determined on the consideration of all the facts of the particular case, and the existence of such gross negligence must be shown beyond a reasonable doubt'). Commonwealth v. Welansky, 55 N.E.2d 902 (Mass. 1944); State v. Blankenship, 50 S.E.2d 724 (N.C. 1948); Bell v. Commonwealth, 195 S.E. 675 (Va. 1938); Annotation, 161 A.L.R. 10 (1946); Wechsler Michael, A Rationale of the Law of Homicide, 37 Col.L.Rev. 701, 720-722 (1937); Working papers, Study Draft of a new Federal Criminal Code, Vol. 1, pp. 125-128.
 "The term `negligently,' as defined by the Model Penal Code, requires significantly more than ordinary tort negligence. . . .
"`. . . .
 "The Proposed Revision Texas Penal Code takes a similar position:
 "`Criminal negligence requires more culpability than the present law's (simple) negligence. It is akin to the gross negligence of tort law, *Page 580 
and requires a substantial and unjustifiable risk of death, the failure to perceive which constitutes a gross deviation from the standard of care an ordinary person would exercise. The fact-finder must view the circumstances from the actor's standpoint, but the standard of care is objective, that of the ordinary man. . . . The risk of death must be both substantial and unjustifiable to constitute criminal negligence, however, and not merely "apparent," . . . as under present law. . . .'
Committee Comment, § 19.04."
The Legislature has mandated that only when criminal negligence is aggravated does the behavior properly constitute a Class C felony mandating that level of punishment. Thus, a criminally negligent homicide under § 13A-6-4(c) is a Class A misdemeanor, unless it is aggravated by a concomitant violation of § 32-5A-191, i.e., it is a criminally negligent homicide caused by driving a motor vehicle while under the influence. In that case, the homicide properly and constitutionally becomes a Class C felony. § 13A-6-4(c). In the case of vehicular homicide, when the criminal negligence is aggravated by the commission of an illegal act while operating a vehicle or a vessel that causes the death, the act properly and constitutionally becomes a Class C felony.
For the foregoing reasons, I concur in the result.