This Court granted the petition of the State for certiorari review of the decision of the Court of Criminal Appeals inChilders v. State, 899 So.2d 1023 (Ala.Crim.App. 2003), to determine whether that decision, which reversed Childers's conviction of second-degree robbery, conflicts with our decision in Ex parte Cole, 842 So.2d 605 (Ala. 2002). Because we conclude that the decision of the Court of Criminal Appeals inChilders does not conflict with Cole, we quash the writ of certiorari as improvidently granted.
 Facts
In 1985, Childers was indicted for first-degree robbery under §13A-8-41(a)(1), Ala. Code 1975.[1] The indictment alleged:
 "JIMMY ALLEN CHILDERS, whose name is to the grand jury otherwise unknown, did, in the course of committing a theft of [$800.00] and food stamps, the property of Richard A. Giangrosso, threaten the imminent use of force against the person of Richard A. Giangrosso, with the intent to compel acquiescence to the taking of or escaping with the property, while the said JIMMY ALLEN CHILDERS was armed with a deadly weapon or dangerous instrument, to-wit: a pistol, in violation of § 13A-8-41[, Ala. Code 1975], against the peace and dignity of the State of Alabama."
In 1986, pursuant to a plea agreement with the State, Childers pled guilty to second-degree robbery under §13A-8-42(a).[2] At the guilty-plea proceeding, this colloquy occurred:
 "THE COURT: . . . Let the record further show that the defendant is charged with first degree robbery. . . .
". . . .
 "[DEFENDANT'S ATTORNEY]: . . . We have an agreement with the State to reduce the charge to second-degree robbery and pay restitution.
". . . .
 "THE COURT: . . . A firearm was involved and the district attorney has agreed to amend the charge to robbery in the second degree, which means that *Page 1027 
you would be facing a sentence in the penitentiary of 2 to 20 years. . . .
". . . .
 "THE COURT: Mr. Childers, to the charge of robbery in the second degree, how do you plead?
"DEFENDANT: Guilty.
 "THE COURT: Are you pleading guilty because you are truly in fact guilty?
"DEFENDANT: Yes.
"THE COURT: Tell me what you did.
 "DEFENDANT: Me and two other people went into a convenience store and robbed it."
(Emphasis added.) The trial court sentenced Childers to three years in prison, and Childers did not appeal his conviction and sentence.
However, in 2002, Childers filed a Rule 32, Ala. R.Crim. P., petition challenging his conviction and sentence. In his Rule 32 petition, Childers asserted that the trial court lacked subject-matter jurisdiction to accept his guilty plea to second-degree robbery because his indictment did not allege that he committed the robbery with the aid of another person who was actually present.
The State moved to dismiss Childers's Rule 32 petition and filed transcripts of the testimony presented to the grand jury that indicted Childers for first-degree robbery. The testimony filed by the State tended to prove that Childers committed the robbery with two accomplices. The State argued that, since the evidence presented to the grand jury established that Childers committed the robbery with two accomplices, second-degree robbery was a lesser-included offense of the first-degree robbery charged in Childers's indictment.
On the basis of the testimony before the grand jury and Childers's admission in the colloquy at his guilty-plea proceeding, the trial court held that second-degree robbery was a lesser-included offense of the first-degree robbery charged in Childers's indictment. Concluding that Childers's Rule 32 petition raised no jurisdictional defects in his conviction or sentence, the trial court summarily dismissed Childers's Rule 32 petition on procedural grounds.
Appealing to the Court of Criminal Appeals, Childers asserted that the trial court erred in holding, on the basis of the grand-jury testimony and Childers's admission in the colloquy at his guilty-plea proceeding, that second-degree robbery was a lesser-included offense of the first-degree robbery charged in his indictment. Childers argued that the subject-matter jurisdiction of the trial court was determined by the text of the indictment rather than the grand-jury testimony or his admission in the colloquy at his guilty-plea proceeding. Childers further argued that, since his indictment did not allege his commission of the robbery with the aid of another person who was actually present, an essential element of second-degree robbery, his indictment for first-degree robbery did not encompass second-degree robbery as a lesser-included offense. Therefore, Childers argued, since second-degree robbery was not a lesser-included offense of the first-degree robbery charged in his indictment, his indictment did not confer upon the trial court subject-matter jurisdiction to accept his guilty plea to second-degree robbery.
In response, the State argued that Childers, by pleading guilty to second-degree robbery, consented to an informal amendment of his indictment to charge him with second-degree robbery. Therefore, the State argued, since the indictment had been informally amended to charge Childers with second-degree robbery, the amended indictment conferred upon the trial court subject-matter jurisdiction *Page 1028 
to accept Childers's guilty plea to second-degree robbery.
Reversing the dismissal of Childers's Rule 32 petition, the Court of Criminal Appeals held and explained:
 "The record contains a copy of the transcript of Childers's guilty-plea proceedings. This transcript reveals that during the colloquy, Childers admitted that he committed the robbery with two accomplices. However, Childers's indictment for first-degree robbery does not allege facts indicating that he was aided in this offense by another participant, and the record shows that the indictment was never amended to include the fact that he was aided by other persons in the robbery. Ex parte Cole, 842 So.2d 605 (Ala. 2002). Therefore, the circuit court did not have jurisdiction to accept Childers's guilty plea to a charge of second-degree robbery, and its denial of his Rule 32 petition was in error. See Toliver v. State, 881 So.2d 1070 (Ala.Crim.App. 2003)."
Childers v. State, 899 So.2d at 1024 (emphasis added).
 Issue and Standard of Review
Before this Court, the State asserts that the decision of the Court of Criminal Appeals conflicts with the decision of this Court in Cole because, the State argues, Cole held that the presence in the record of evidence that the defendant was aided in the commission of the robbery by another person who was actually present, had the Cole record contained such evidence, together with the defendant's guilty plea to second-degree robbery, would have effected a valid informal amendment of the first-degree robbery indictment in Cole to charge second-degree robbery. Accordingly, the issue presented is whether Cole so held. That is an issue of law. This Court reviews such issues de novo. Ex parte Key, 890 So.2d 1056, 1059 (Ala. 2003).
 Law and Analysis
In explicating Cole, we are confronted with a number of Alabama precedents which address a foundational issue in Cole.
Some are consistent with Cole, and some are not. Worse, those that are inconsistent with Cole are also inconsistent withBlockburger v. United States, 284 U.S. 299, 52 S.Ct. 180,76 L.Ed. 306 (1932).
This foundational issue is the difference between distinct offenses on the one hand and lesser-included offenses on the other. The difference is critical in our jurisprudence because we cannot consistently hold, in one case, that an offense is lesser-and-included within a charged offense for the purpose of affirming a conviction pursuant to a trial or a guilty plea and yet, in another case, hold that the two offenses are distinct for the purpose of affirming two convictions under two separate charges.
For purposes of double jeopardy, Blockburger,284 U.S. at 304, 52 S.Ct. 180, held that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." "The Blockburger
test turns on the statutory elements of the two offenses, not on the actual evidence that may be used by the state in proving the crimes." Ex parte Wright, 477 So.2d 492, 493 (Ala. 1985). "Alabama has applied the Blockburger test to determine whether two offenses are the `same' under the Alabama Constitution."Id. However, the Alabama appellate courts have, in deciding whether one offense is lesser-and-included within another, sometimes reached conclusions that conflict with theBlockburger test. *Page 1029 
In Anderson v. State, 686 So.2d 381 (Ala. 1996), the defendant Anderson was indicted for the single offense of first-degree rape under § 13A-6-61(a)(1).[3] However, on the basis of the evidence presented by the State, the trial court instructed the jury that it could consider not only first-degree rape under § 13A-6-61(a)(1) but also first-degree assault under §13A-6-20(a)(1)[4] as a lesser-included offense. The jury found Anderson guilty of first-degree assault, and the trial court convicted and sentenced him accordingly. On appeal, Anderson argued that the trial court erred in instructing the jury on first-degree assault under § 13A-6-20(a)(1) as a lesser-included offense of first-degree rape under §13A-6-61(a)(1) because first-degree assault under §13A-6-20(a)(1) requires, as an essential element, a serious physical injury, while first-degree rape under § 13A-6-61(a)(1) does not.
On certiorari review of the reversal by the Alabama Court of Criminal Appeals, Anderson v. State, 686 So.2d 378
(Ala.Crim.App. 1994), the Alabama Supreme Court rejected Anderson's argument. The Supreme Court said:
 "Had Anderson been convicted of rape in the first degree and if no jury charges on assault had been given, then Anderson would have been entitled to a new trial, at which the jury would be instructed on assault as a lesser included offense, because the evidence here would support such a charge. It is apparent in this case that the jury believed that the sexual intercourse between the victim and Anderson was consensual. However, the jury also obviously determined that Anderson subsequently assaulted the victim, and it found him guilty of the offense of assault in the first degree. Therefore, the trial court did not err in charging on assault. The evidence supported the charge."
686 So.2d at 384 (emphasis added).
First-degree rape under § 13A-6-61(a)(1) requires, as an essential element, that the defendant engage in sexual intercourse with the victim by forcible compulsion. First-degree assault under § 13A-6-20(a)(1) does not. First-degree assault under § 13A-6-20(a)(1) requires, as an essential element, that the defendant cause serious physical injury. First-degree rape under § 13A-6-61(a)(1) does not. Therefore, under theBlockburger test, first-degree rape under § 13A-6-61(a)(1) and first-degree assault under § 13A-6-20(a)(1) are two separate offenses rather than a greater offense and its lesser-included offense. Under the Blockburger test, a defendant who committed both first-degree rape under § 13A-6-61(a)(1) and first-degree assault under § 13A-6-20(a)(1) in a single transaction could be indicted for, convicted of, and punished for, both offenses. Exparte Dawson, 675 So.2d 905, 907 (Ala. 1996). Accordingly, the holding in Anderson that the evidence presented by the State on the charge of first-degree rape under § 13A-6-61(a)(1) could make first-degree assault under § 13A-6-20(a)(1) a lesser-included offense of first-degree rape under § 13A-6-61(a)(1) conflicts with the Blockburger test. *Page 1030 
In Ex parte Washington, 571 So.2d 1062 (Ala. 1990), the defendant Washington was indicted for first-degree rape under §13A-6-61(a)(1). While the indictment alleged that the defendant engaged in sexual intercourse with the victim by forcible compulsion, it did not allege the ages of the defendant and the victim. Upon motion of the State, the indictment was amended to charge second-degree rape under § 13A-6-62(a)(1).[5]
Washington entered a guilty plea to second-degree rape under §13A-6-62(a)(1) and then appealed his guilty-plea conviction. On appeal, Washington argued that the indictment could not be validly amended to charge second-degree rape under §13A-6-62(a)(1) because that offense was not a lesser-included offense of first-degree rape under § 13A-6-61(a)(1). The reason, Washington argued, was that the ages of the defendant and the victim are essential elements of second-degree rape under §13A-6-62(a)(1), while they are not essential elements of first-degree rape under § 13A-6-61(a)(1). Washington further argued that, since the amendment of the indictment was invalid, the trial court lacked subject-matter jurisdiction to accept his guilty plea to second-degree rape.
On certiorari review of the affirmance by the Alabama Court of Criminal Appeals, Washington v. State, 564 So.2d 115
(Ala.Crim.App. 1990) (table), the Alabama Supreme Court rejected Washington's argument. In holding that second-degree rape under §13A-6-62(a)(1) was a lesser-included offense of first-degree rape under § 13A-6-61(a)(1), the Washington Court said:
 "[Washington] was indicted under § 13A-6-61(a)(1), engaging in sexual intercourse with a female by forcible compulsion. The ages of the defendant and the victim are not necessary elements under § 13A-6-61(a)(1). The facts that the State would have brought forth in this case to prove forcible compulsion would have included the ages of Washington and the victim. If this case had gone to a jury, Washington would have been entitled to a jury instruction on second degree rape, as defined in § 13A-6-62(a)(1), the section of the Code Washington was charged with violating [by the amended indictment], and the charge to which he entered a plea of guilty."
571 So.2d at 1064 (footnote omitted; emphasis added).
As noted above, first-degree rape under § 13A-6-61(a)(1) requires, as an essential element, that the defendant accomplish the rape by forcible compulsion. Second-degree rape under §13A-6-62(a)(1) does not. Second-degree rape under §13A-6-62(a)(1) requires, as essential elements, that the defendant be 16 years old or older, that the victim be less than 16 and more than 12 years old, and that the defendant be at least two years older than the victim. First-degree rape under §13A-6-61(a)(1) does not. Thus, under the Blockburger test, first-degree rape under § 13A-6-61(a)(1) and second-degree rape under § 13A-6-62(a)(1) are two different offenses rather than a greater offense and its lesser-included offense. Yet,Washington held that the presentation by the State of evidence of first-degree rape under § 13A-6-61(a)(1), since it might incidentally *Page 1031 
include evidence of the essential elements of second-degree rape as well, made second-degree rape under § 13A-6-62(a)(1) a lesser-included offense of first-degree rape under §13A-6-61(a)(1). Thus, the holding in Washington conflicts with the Blockburger test.
However, the holding in Ex parte Jordan, 486 So.2d 485, 488
(Ala. 1986), is compatible with the Blockburger test. InJordan, the indictment charged Jordan with two counts of murder. Count One, which charged Jordan with reckless murder, alleged that Jordan "`did recklessly engage in conduct which manifested extreme indifference to human life and created a grave risk of death to [another person], and did thereby cause the death of John Howard Od[u]m by operating a motor vehicle under the influence of alcohol . . . [and] striking the vehicle which John Howard Od[u]m was operating. . . .'" 486 So.2d at 486
(footnote omitted). Count Two alleged intentional murder. Jordan requested a lesser-included-offense jury instruction on vehicular homicide. The vehicular-homicide statute provides that the essential elements of that offense consist of the defendant's "unlawfully and unintentionally caus[ing] the death of another person while engag[ing] in the violation of any state law ormunicipal ordinance applying to the operation or use of avehicle . . . or to the regulation of traffic. . . ." §32-5A-192(a), Ala. Code 1975 (emphasis added). The trial court denied Jordan's request for a lesser-included-offense jury instruction on vehicular homicide. The jury convicted Jordan of reckless murder under Count One of the indictment.
On certiorari review of the affirmance by the Alabama Court of Criminal Appeals, Jordan v. State, 486 So.2d 482
(Ala.Crim.App. 1985), the Alabama Supreme Court explained and held:
 "Under the proper application of subsection (1) of the lesser-included-offense statute to these criminal statutes, the issue is simple: Can all or fewer than all of these facts establishing the commission of murder also establish the commission of vehicular homicide? In the present case, they conceivably can. According to the language of the indictment and the jury's subsequent conviction thereunder, Jordan `did recklessly engage in conduct which manifested extreme indifference to human life and created a grave risk of death . . . and did thereby cause the death of John Howard Od[u]m by operating a motor vehicle under the influence of alcohol . . . [and] striking the vehicle which John Howard Od[u]m was operating. . . .' Some of these very same facts could establish the commission of vehicular homicide. Jordan operated a vehicle in a manner violating motor vehicle traffic laws, specifically, DUI laws. His driving proximately caused Odum's death.
 "Under the proper application of subsection (4) [of § 13A-1-9], the issue is whether the two criminal statutes differ under these facts only in that vehicular homicide contemplates a less serious injury or risk of injury or requires a lesser kind of culpability. As the [Court of Criminal Appeals] correctly noted, vehicular homicide does require a lesser kind of culpability. Reckless conduct creating a `grave risk of death' and `manifesting extreme indifference to human life' does encompass conduct in violation of motor vehicle laws which unintentionally but proximately causes another's death.
 "Therefore, under the facts of this case, vehicular homicide is a lesser included offense of murder by way of application of either subsection (1) or (4) of Code 1975, § 13A-1-9. Consequently, *Page 1032 
Jordan was entitled to [a lesser-included-offense jury instruction on vehicular homicide]."
486 So.2d at 488 (some emphasis added). Thus, Ex parte Jordan
held that, because the reckless-murder count of Jordan's indictment alleged all of the essential elements of vehicular homicide, vehicular homicide was a lesser-included offense of the reckless murder charged in his indictment. The Ex parte Jordan
Court considered whether the evidence establishing the allegations of the indictment, i.e., "the jury's subsequent conviction [under the indictment]," 486 So.2d at 488, justified a jury instruction on vehicular homicide only because the presence in the indictment of allegations of all of the essential elements of vehicular homicide made vehicular homicide a lesser-included offense under Jordan's indictment.
The result in Aucoin v. State, 548 So.2d 1053 (Ala.Crim.App. 1989), can be justified by the Ex parte Jordan rationale, although the Aucoin court applied a different rationale. A number of other precedents do not reveal enough detail about the content of the respective indictments for us to discern whether those precedents are consistent with Ex parte Jordan andBlockburger, or consistent with Anderson and Washington and inconsistent with Blockburger: Ex parte Long, 600 So.2d 982
(Ala. 1992), overruled in part on other grounds by Ex parteEdwards, 816 So.2d 98, 108 (Ala. 2001); Ex parte Stephens,512 So.2d 786, 787-89 (Ala. 1987); Ex parte Oliver, 518 So.2d 705,705-07 (Ala. 1987); Crawford v. State, 886 So.2d 846
(Ala.Crim.App. 2003); Culpepper v. State, 827 So.2d 883, 884-87
(Ala.Crim.App. 2001); C.P. v. State, 597 So.2d 246, 247
(Ala.Crim.App. 1992); Black v. State, 586 So.2d 968
(Ala.Crim.App. 1991); Farmer v. State, 565 So.2d 1238, 1239-40
(Ala.Crim.App. 1990); Miller v. State, 565 So.2d 275, 276
(Ala.Crim.App. 1989); Johnston v. State, 518 So.2d 244, 245-46
(Ala.Crim.App. 1987); and Updyke v. State, 501 So.2d 566,567-68 (Ala.Crim.App. 1986).
The holding in Cole is consistent with Ex parte Jordan andBlockburger. In Cole, "[t]he indictment by which Cole was charged [with first-degree robbery] alleged only facts describing a first-degree robbery in which he acted alone."842 So.2d at 608. Cole pled guilty to second-degree robbery. At Cole's guilty-plea proceeding, the prosecutor stated that the evidence established that another participant was present when Cole committed the robbery. This Court held that, while Cole's "plea of guilty to the offense of second-degree robbery, in effect, `amended' his indictment to charge second-degree robbery,"842 So.2d at 606, that informal "amendment" was not valid because it failed to comply with Rules 13.5(a) and 13.2(c), Ala. R.Crim. P., which "combine to permit only those amendments that charge a lesser-included offense [encompassed within the offense charged in the original indictment]," 842 So.2d at 608. Since Cole's original indictment failed to allege "facts from which one might conclude that the defendant was aided in the robbery by another participant — an essential element of the offense of second-degree robbery," 842 So.2d at 609, Cole's indictment could not be informally amended by the prosecutor's evidence that Cole was aided by another participant and Cole's plea of guilty to second-degree robbery. "To treat the proceedings in this case as if the original indictment included [the] additional fact [that another participant was present] just because Cole pleaded guilty would disregard the settled principle that one cannot consent to an improper amendment of an indictment." Id. Finally, Cole
held that, since the indictment was not validly amended to charge second-degree robbery, the trial court lacked subject-matter jurisdiction *Page 1033 
to accept Cole's guilty plea to second-degree robbery.842 So.2d at 607-09.
In dictum, Cole suggested that the trial court, with Cole's consent, could have effected a formal amendment of the factual allegations in the original indictment to add the factual allegation that another person participated in the first-degreerobbery. 842 So.2d at 609. Such a formal amendment of the factual allegations would not have changed the offense charged by the original indictment in violation of Rules 13.5(a) and 13.2(c) because the indictment still would have charged the offense of first-degree robbery. However, the addition of this allegation to specify a detail regarding the commission of the first-degree robbery would have broadened the factual basis of the first-degree robbery offense to encompass second-degree robbery as a lesser-included offense.
The State argues that the Cole Court reversed Cole's guilty-plea conviction of second-degree robbery because of an absence of evidence in the record that Cole committed the robbery with the aid of another person who was actually present rather than because of an absence of a factual allegation in theindictment alleging that fact. According to the State, since Childers admitted at his guilty-plea proceeding that he committed the robbery with the aid of two accomplices who were actually present, the presence of that admission in the record supplied the crucial factor that the Cole Court held was absent in Cole's guilty plea to second-degree robbery. The State premises its argument on this passage in Cole:
 "When, as here, an indictment for first-degree robbery fails to set forth facts from which one might conclude that the defendant was aided in the robbery by another participant — an essential element of the offense of second-degree robbery — the insufficiency of the factual basis for a guilty plea to second-degree robbery may be subsequently attacked on the basis that the trial court lacked subject-matter jurisdiction to accept the plea. Had the trial court obtained Cole's consent to amend the indictment charging first-degree robbery by adding the fact that another participant was present, no new offense would have been charged because first-degree robbery is broad enough to include such an element. An indictment so amended, permitting a defendant to plead guilty to second-degree robbery, would not run afoul of Rule 13.5(a)[, Ala. R.Crim. P.]. That, however, did not occur here. To treat the proceedings in this case as if the original indictment included that additional fact just because Cole pleaded guilty would disregard the settled principle that one cannot consent to an improper amendment to an indictment."
842 So.2d at 609 (emphasis added). The State argues that the phrase "insufficiency of the factual basis" in the first sentence of that passage means "insufficiency of the evidence in the record." However, the references to the existing and potential factual allegations of the indictment in this passage make plain that the phrase "insufficiency of the factual basis" means "insufficiency of the factual allegations in the indictment" instead. Thus, the factor crucial to the decision in Cole was the absence of a factual allegation in the indictment alleging that Cole committed the robbery with the aid of another person who was actually present rather than the absence of evidence inthe record establishing that fact. Since the absence of factualallegations in the indictment alleging an essential element of second-degree robbery disposed of the issue whether the trial court had subject-matter jurisdiction to accept Cole's guilty plea to second-degree robbery, the Cole Court did not consider the sufficiency of the evidence that Cole committed *Page 1034 
second-degree robbery in reaching its decision.
The decision of the Court of Criminal Appeals in the case now before us does not conflict with the decision in Cole. Like the original indictment in Cole, Childers's original indictment did not contain a factual allegation that Childers was aided in the commission of the robbery by another person who was actually present. Therefore, Childers's original indictment did not charge second-degree robbery either as the offense specified in the indictment or as a lesser-included offense. Cole,842 So.2d at 608-09. Thus, the original indictment did not confer upon the trial court subject-matter jurisdiction to accept Childers's guilty plea to second-degree robbery. Id. Moreover, the informal amendment effected by Childers's guilty plea to second-degree robbery violated Rule 13.5(a), Ala. R.Crim. P., by adding a new offense not contemplated by the original indictment.Id. Accordingly, that invalid informal amendment did not confer upon the trial court subject-matter jurisdiction to accept Childers's guilty plea to second-degree robbery. Id.
 Conclusion
The decision of the Court of Criminal Appeals in the case now before us does not conflict with Cole. Therefore, we quash the writ of certiorari as improvidently granted.
WRIT QUASHED.
HOUSTON, LYONS, and HARWOOD, JJ., concur.
WOODALL, J., concurs in the result.
SEE, BROWN, and STUART, JJ., dissent.
[1] Section 13A-8-41(a)(1) provides:
 "(a) A person commits the crime of robbery in the first degree if he violates Section 13A-8-43 and he:
 "(1) Is armed with a deadly weapon or dangerous instrument. . . ."
[2] Section 13A-8-42 provides:
 "(a) A person commits the crime of robbery in the second degree if he violates Section 13A-8-43 and he is aided by another person actually present."
[3] At the time of Anderson's indictment, § 13A-6-61(a)(1) provided:
 "(a) A male commits the crime of rape in the first degree if:
 "(1) He engages in sexual intercourse with a female by forcible compulsion. . . ."
[4] Section 13A-6-20(a)(1) provides:
 "(a) A person commits the crime of assault in the first degree if:
 "(1) With intent to cause serious physical injury to another person, he causes serious physical injury to any person by means of a deadly weapon or a dangerous instrument. . . ."
[5] At the time Washington was indicted, § 13A-6-62(a)(1) provided:
 "(a) A male commits the crime of rape in the second degree if:
 "(1) Being 16 years old or older, he engages in sexual intercourse with a female less than 16 and more than 12 years old; provided, however, the actor is at least two years older than the female."