686 So.2d 486 (1996)
Ex parte William KNOTTS.
Re William Thomas Knotts
v.
State.
1950239.
Supreme Court of Alabama.
July 12, 1996.
Rehearing Denied November 22, 1996.
*487 Richard Lawrence, J. Paul Lowery, Montgomery, Tanya Greene, Atlanta, GA, for Petitioner.
Jeff Sessions, Atty. Gen., and Beth Slate Poe, Asst. Atty. Gen., for Respondent.
Prior report: Ala.Cr.App., 686 So.2d 484.
PER CURIAM.
Having read and considered the record and the briefs of counsel, and having considered the arguments, this Court has concluded that the judgment of the Court of Criminal Appeals must be affirmed. A.R.App.P. 39(k).
AFFIRMED.
MADDOX, SHORES, KENNEDY, and COOK, JJ., concur.
HOUSTON and BUTTS, JJ., concur in the result.
HOOPER, C.J., recuses.
HOUSTON, Justice (concurring in the result).
This is a case in which this Court is required to notice plain error. The defendant was sentenced to death, but not by the unanimous decision of an impartial 12-person jury, as was required by the law in place at the time of the ratification of the Constitution of Alabama of 1901. I write to criticize the majority's unprincipled application of § 11 of that Constitution ("That the right to trial by jury shall remain inviolate."). See Henderson v. Alabama Power Co., 627 So.2d 878, 903-14 (Ala.1993) (Houston, J., dissenting); Ex parte Giles, 632 So.2d 577, 587-89 (Ala.1993) (Houston, J., concurring in the result), cert. denied, 512 U.S. 1213, 114 S.Ct. 2694, 129 L.Ed.2d 825 (1994); Smith v. Schulte, 671 So.2d 1334 (Ala.1995) (Houston, J., dissenting), cert. denied, ___ U.S. ___, 116 S.Ct. 1849, 134 L.Ed.2d 950 (1996); Ex parte Jackson, 672 So.2d 810 (Ala.1995) (Houston, J., concurring in the result); American Legion Post No. 57 v. Leahey, 681 So.2d 1337 (Ala.1996) (Houston, J., dissenting). I believe that the majority of this Court errs in striking down duly enacted statutes of the legislative branch of government as violating § 11, but does not err in upholding the legislative enactment of Act No. 607, Acts of Alabama 1977 (now codified at Ala.Code 1975, §§ 13A-5-46 and -47). However, my basis for this belief has been severely challenged by a majority of this Court. See Henderson v. Alabama Power Co., 627 So.2d at 891-93. In answer to that challenge, I adopt Justice Scalia's statement in BMW of North America v. Gore, ___ U.S. ___, ___, 116 S.Ct. 1589, 1610, 134 L.Ed.2d 809 (1996) (Scalia, J., dissenting): "When, however, a constitutional doctrine adopted by the Court is not only mistaken but also insusceptible of principled application, I do not feel bound to give it stare decisis effect indeed, I do not feel justified in doing so." Still, I am concerned that if the majority of this Court is not mistaken in its interpretation of § 11 of the Constitution as it relates to the last paragraph of § 104, Ala. Const. of 1901, then William T. Knotts may be executed without due process of law.