The appellant, Jamie Brian Culpepper, was indicted on two counts of reckless manslaughter, a violation of § 13A-6-3(a)(1), Ala. Code 1975. The cases were brought to trial and the appellant was convicted of two counts of criminally negligent homicide, a lesser-included offense of manslaughter, in violation of § 13A-6-4, Ala. Code 1975. The trial court sentenced the appellant to two consecutive terms of eight years' imprisonment. The trial court also ordered the appellant to pay a $50 assessment to the Crime Victims Compensation Fund in each case. In addition, the trial court ordered the appellant to pay $10,000 in restitution to the family of one of the victims and $8,000 in restitution to the family of the other victims, for a total of $18,000 in restitution. This appeal followed.
 I.
The evidence at trial tended to establish the following. On the evening of June 8, 1998, the appellant had been drinking alcoholic beverages. At some point, the appellant got into his vehicle, a black pickup truck, and began to drive south on U.S. Highway 231. Around 9:30 p.m., while traveling south on Highway 231, the appellant's truck hit the side of a tractor-trailer truck, and he lost control of his vehicle. The appellant's truck crossed the median and was in the northbound lane of Highway 231. At the time, the appellant's truck was traveling at a rate of more than 50 miles per hour. Once in the northbound lane, the appellant's vehicle struck Willie B. Griffin's truck. The impact of the collision caused Griffin's truck to flip over, pinning Griffin inside. Griffin was pronounced dead at the scene. After the appellant's vehicle hit Griffin's truck, the appellant's vehicle "tailspinned" and hit a motorcycle that was also traveling in the northbound lane. The motorcycle's driver, Jeffery Lynn Meredith, was thrown from his motorcycle and suffered massive, blunt-force trauma upon impact. Meredith was pronounced dead at the scene, as well.
Following the accident, the appellant was transported to a local hospital for medical treatment. At the hospital, the appellant consented to a blood-alcohol test. The results indicated a blood-alcohol level of 0.15%. The appellant was subsequently arrested and charged with two counts of reckless manslaughter, violations of § 13A-6-3(a)(1), Ala. Code 1975.
At trial, the appellant requested that the jury be charged on vehicular homicide, as *Page 885 
set out in § 32-5A-192, Ala. Code 1975, as a lesser-included offense of manslaughter. The trial court denied the request. Following a jury trial, the appellant was found guilty of two counts of criminally negligent homicide.
 II.
The appellant contends that the trial court erred in not instructing the jury on the law as it relates to vehicular homicide. Specifically, he argues that, based on the facts of this case, vehicular homicide is a lesser-included offense to the charged crime of manslaughter.[2]
It has long been the law in Alabama that a trial court has broad discretion in formulating jury instructions, provided those instructions are accurate reflections of the law and facts of the case. Knotts v.State, 686 So.2d 431, 456 (Ala.Crim.App. 1995), aff'd, 686 So.2d 486
(Ala. 1996), cert. denied, 520 U.S. 1199 (1997); Clark v. State,621 So.2d 309, 324 (Ala.Crim.App. 1992). Every defendant is entitled to have charges given, which would not be misleading, which correctly state the law of his case, and which are supported by any evidence, however weak, insufficient, or doubtful in credibility. Ex parte Hannah,527 So.2d 675 (Ala. 1988); Ex parte Stork, 475 So.2d 623 (Ala. 1985).
Section 13A-1-9, Ala. Code 1975, defines included offenses, as follows:
 "(a) A defendant may be convicted of an offense included in an offense charged. An offense is an included one if:
 "(1) It is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged; or *Page 886 
 "(2) It consists of an attempt or solicitation to commit the offense charged or to commit a lesser included offense; or
 "(3) It is specifically designated by statute as a lesser degree of the offense charged; or
 "(4) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interests, to a lesser kind of culpability suffices to establish its commission.
 "(b) The Court shall not charge the jury with respect to an included offense unless there is a rational basis for a verdict convicting the defendant of the included offense."
For his argument that vehicular homicide should have been submitted to the jury as a lesser-included offense, the appellant relies on the Alabama Supreme Court's decision in Ex parte Long, 600 So.2d 982 (Ala. 1992), overruled on other grounds, Ex parte Edwards, 816 So.2d 98 (Ala. 2001).
In Ex parte Long, the defendant was charged with murder after he ran over a curb in his car and struck and killed a pedestrian. Long requested that the jury be instructed on vehicular homicide as a lesser included offense of murder. The trial court denied his request and charged the jury on intentional murder, manslaughter, and criminally negligent homicide. The jury convicted Long of manslaughter. After this Court affirmed Long's conviction for manslaughter, Long petitioned the Alabama Supreme Court for certiorari review. That court granted Long's petition and reversed Long's conviction. The Supreme Court, citing Ex parteJordan, 486 So.2d 485 (Ala. 1986), held that under certain factual circumstances vehicular homicide could be a lesser-included offense of murder. The Supreme Court reasoned that because the charge of homicide-by-vehicle correctly stated the law of the case and because there was evidence to support the charge, Long was entitled to have the homicide-by-vehicle charge given. Ex parte Long, 600 So.2d at 986. Further, the Supreme Court held that failure to instruct on this lesser-included offense could not be harmless error, because the jury's verdict did not preclude a possible verdict for homicide by vehicle. Exparte Long, 600 So.2d at 987.
In the instant case, the appellant was entitled to a charge on the lesser-included offense of homicide by vehicle under either subsection (1) or subsection (4) of § 13A-1-9(a), Ala. Code 1975. The proof required for manslaughter, criminally negligent homicide, and vehicular homicide was simply that the appellant had operated a motor vehicle in such a manner as to cause the victims' deaths. See Ex parte Long, 600 So.2d at 986. Thus, "the same or fewer than all of the facts" required to establish manslaughter were required to establish criminally negligent homicide and vehicular homicide, so that those offenses thereby fall within the definition of an included offense in § 13A-1-9(a)(1). Exparte Long, 600 So.2d at 986. Furthermore, the degree of appellant's culpability was the only question for the jury, and thereby those offenses fall within the definition of an included offense in §13A-1-9(a)(4). Ex parte Long, 600 So.2d at 986.
Because, under the facts presented in this case, homicide by vehicle is a lesser-included offense of manslaughter, the failure to instruct on vehicular homicide was not harmless error. Ex parte Long, 600 So.2d at 987. Given the choice of convicting the appellant for manslaughter or convicting him of criminally negligent homicide, the jury chose the lesser of the two offenses. Nothing in the jury's verdict supports the contention that it could not have returned a verdict on the offense of *Page 887 
vehicular homicide, had it been given that option. By returning a verdict on criminally negligent homicide, the jury found that the appellant had acted recklessly, which could also support a verdict of vehicular homicide. Ex parte Long, 600 So.2d at 987.
Based on the Supreme Court's opinion in Ex parte Long, the failure of the trial court to instruct on the lesser-included offense of homicide by vehicle was not harmless error, because the jury found the appellant guilty of criminally negligent homicide, a lesser offense to the charged offense of manslaughter. Given the opportunity, under the facts and circumstances of this case, the jury could have returned a verdict for homicide by vehicle. Therefore, the trial court's judgment is due to be reversed.
Because we must reverse the trial court's judgment on the basis of our holding as to this issue, we express no opinion on the other issues raised by the appellant. "`Our decision not to address [the merits of] the remaining issues raised by the appellant should not be construed as an approval of the manner in which the trial was conducted in regard to those issues.'" Phillips v. State, 726 So.2d 292, 295 (quoting Fletcherv. State, 621 So.2d 1010, 1024 (Ala.Crim.App. 1993)).
The judgment of the trial court is reversed and this cause is remanded to the trial court for a new trial.
REVERSED AND REMANDED.
McMillan, P.J., and Cobb, Baschab, and Shaw, JJ., concur.
[2] The applicable homicide statutes are as follows:
"§ 13A-6-3. Manslaughter.
"(a) A person commits the crime of manslaughter if:
 "(1) He recklessly causes the death of another person, or
 "(2) He causes the death of another person under circumstances that would constitute murder under Section 13A-6-2; except, that he causes the death due to a sudden heat of passion caused by provocation recognized by law, and before a reasonable time for the passion to cool and for reason to reassert itself.
"(b) Manslaughter is a Class B felony."
"§ 13A-6-4. Criminally negligent homicide.
 "(a) A person commits the crime of criminally negligent homicide if he causes the death of another person by criminal negligence.
 "(b) The jury may consider statutes and ordinances regulating the actor's conduct in determining whether he is culpably negligent under subsection (a) of this section.
 "(c) Criminally negligent homicide is a Class A misdemeanor, except in cases in which said criminally negligent homicide is caused by the driver of a motor vehicle who is driving in violation of the provisions of Section 32-5A-191 [Driving while under the influence of alcohol, controlled substances, etc.], in such cases criminally negligent homicide is a Class C felony."
"§ 32-5A-191. Homicide by vehicle or vessel.
 "(a) Whoever shall unlawfully and unintentionally cause the death of another person while engaged in the violation of any state law or municipal ordinance applying to the operation or use of a vehicle, or vessel, as defined in Section 33-5-3, or to the regulation of traffic or boating, shall be guilty of homicide when the violation is the proximate cause of the death.
 "(b) Any person convicted of homicide by vehicle or vessel shall be fined not less than five hundred dollars ($500) nor more than two thousand dollars ($2,000), or shall be imprisoned for a term not less than one year nor more than five years, or may be so fined and so imprisoned. All fines collected for violation of this section relating to vessels shall be paid into the State Water Safety Fund."
 *Page 108