The appellant, James Larry Crawford, was indicted on a charge of reckless murder. The jury found him guilty of the lesser-included offense of manslaughter, and the trial court sentenced him to 20 years' imprisonment. The State's evidence tended to show that on August 6, 2000, Crawford met his friend Steve Cain at Revere's bar and restaurant in Mobile. Crawford admitted that he consumed four alcoholic drinks between 5:45 and 10:00 p.m. Shortly before he left Revere's, Crawford got into an argument with Christina Dorsey, a woman who owed him money. Dorsey and her friend Diane Campbell then left Revere's. Crawford admitted that he was intoxicated when he left the bar about 10:30 p.m. He was driving his truck south on Rangeline Road toward his home when a Honda automobile attempted to merge onto Rangeline Road in the same direction. The appellant swerved to the left, and his truck left the road. Crawford swerved again, and his truck crossed the median and collided with a white Grand Prix automobile that was traveling north on Rangeline Road. The driver of the Grand Prix, Michael Carpenter, subsequently died from blunt-force injuries he suffered in the collision. Vincent Freeman, a passenger in the Honda, testified that Crawford was traveling at least 80 miles per hour. Freeman and paramedic Ronnie Walker both observed Crawford after the collision and believed that he was intoxicated. Forensic analysis of two blood samples taken from Crawford revealed a blood alcohol level of .178 and .125 percent, respectively. Steve Cain testified that Crawford did not appear intoxicated when Cain left Revere's about 8:00 p.m. Revere's bartender Lila Davis Cain said that Crawford did not appear intoxicated to her on the evening of August 6, and owner Sharon Davis said that he did not seem intoxicated when she saw him at 10:20 or 10:30 p.m. Diane Campbell testified that she was with Crawford and Christina Dorsey at Revere's on August 6. While Crawford and Dorsey were arguing, Campbell heard the bartender state, "I'll hush him up," and laugh. The bartender then filled Crawford's glass with undiluted vodka. Campbell said that Crawford did not see what the bartender had done. *Page 848 
 I.
Crawford contends that, under the facts of this case, the trial court erred by refusing to charge the jury on vehicular homicide. He argues that in Ex parte Jordan, 486 So.2d 485 (Ala. 1986), the Alabama Supreme Court held that where a defendant operates a vehicle in a manner violating motor-vehicle laws, specifically driving-under-the-influence laws, and his driving proximately causes a victim's death, those particular facts make vehicular homicide a lesser included offense of murder under § 13A-1-9(1) and (4), Ala. Code 1975.[1]
Crawford's requested jury charge no. 3 was a copy of the vehicular-homicide statute. He asked the court to charge on this offense before the jury retired to consider its verdict; the court refused. The court stated that vehicular homicide was not a lesser-included offense under Crawford's indictment; it citedJordan v. State, 486 So.2d 482 (Ala.Crim.App. 1985), for the proposition that vehicular homicide can never be a lesser-included offense of murder. However, the Alabama Supreme Court subsequently determined in Ex parte Jordan, that this proposition was too broad and that vehicular homicide can, in some cases, be a lesser offense of murder. The Court stated that the determination must be made after considering the facts of the particular case. The Court held that the failure to charge on vehicular homicide was harmless error in Jordan because the jury had convicted the defendant of the greater offense of murder.
In Ex parte Long, 600 So.2d 982 (Ala. 1992), the defendant was charged with intentional murder for killing the victim by running over him with an automobile. The Alabama Supreme Court held that Long's requested charge on vehicular homicide should have been given, under the facts presented in that case. The Court examined the relative degrees of culpability of the four homicide offenses to determine whether the trial court's error in refusing the requested charge was harmless and held that murder, manslaughter, vehicular homicide, and criminally negligent homicide are a continuum of murder offenses and that vehicular homicide will ordinarily be a more culpable offense than criminally negligent homicide. The Court concluded that, because the jury had found Long guilty of manslaughter but had been unable to consider the next lesser-included offense, the error was not harmless. In Ex parte Edwards, 816 So.2d 98 (Ala. 2001), the Alabama Supreme Court overruled its earlier holding inLong that the culpability for the offense of vehicular homicide falls between criminal negligent homicide and recklessness. The Court in Edwards stated that the mental state for vehicular homicide may be knowing, reckless, or criminally negligent.
The facts of the present case are essentially similar to the facts in Culpepper v. State, 827 So.2d 883 (Ala.Crim.App. 2001). In that case, Culpepper drove his truck on the highway after drinking alcoholic beverages. He struck another vehicle and lost control of the truck. Culpepper's truck then crossed the median and struck a vehicle in an oncoming lane. That vehicle, in turn, struck a motorcycle; the driver of the other vehicle and the driver of the motorcycle were killed. Culpepper's blood-alcohol level was found to be .150 *Page 849 
percent. He was charged with two counts of reckless manslaughter but was found guilty at trial of two counts of criminally negligent homicide. The trial court refused Culpepper's requested jury charge on vehicular homicide as a lesser included offense. This court held that the trial court's failure to instruct on vehicular homicide was error and that the error was not harmless because "[n]othing in the jury's verdict support[ed] the contention that it could not have returned a verdict on the offense of vehicular homicide, had it been given that option."827 So.2d at 886-87.
Under the facts of the present case, Crawford also was entitled to a charge on the lesser offense of homicide by vehicle. The trial court's failure to give the charge was not harmless error because, had the jury been given the option, it might have found Crawford guilty of the lesser offense of vehicular homicide. Therefore, the judgment of the trial court is due to be reversed.
 II.
Crawford's second contention is that the trial court erred by refusing to give him a written copy of its oral jury charge. We are addressing this issue because it could arise in a subsequent trial. Crawford argues that he needed the "exact wording" of the jury charges so that he could explain the "sometime[s] cloudy distinction between murder, manslaughter and criminally negligent homicide" in his closing argument. He cites as authorityAnderson v. State, 533 So.2d 714 (Ala.Crim.App. 1988), in which the trial court informed the parties that its oral charge would include assault in the second degree. This court found that Anderson was prejudiced because his counsel spent a significant time on this offense in closing argument, and the court then failed to give the anticipated charge.
Rule 21.1, Ala. R.Crim. P., requires the trial court to inform the parties of its rulings on proposed written charges. Here, the trial court fully complied with this requirement by advising the parties of its planned charge and informing them whether their proposed charges would be given or refused. Crawford offers no authority for his claim that the court's charge should have been provided to him in writing, and he has not offered any evidence that he was prejudiced because he was not provided with a written copy of the anticipated charge. A judgement will not be reversed on a matter of procedure unless it appears that the alleged error has injuriously affected a party's substantial right. Rule 45, Ala. R.App. P.
Crawford was entitled to a jury instruction on vehicular homicide. Because the instruction was not given and Crawford was prejudiced, the judgment of the circuit court must be reversed and this cause remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
COBB, BASCHAB, SHAW, and WISE, JJ., concur.
[1] Subsection (1) of § 13A-1-9 provides that an offense is a lesser-included offense if it is established by proof of the same or fewer that all the facts required to establish the charged offense. Subsection (4) provides that an offense is a lesser-included offense if it differs from the charged offense only in the respect that a lesser kind of culpability suffices to establish its commission.