WINDOM, Judge.
 

 Shana Lee Barrett appeals her conviction for reckless manslaughter, a violation of § 13A-6-3(a)(l), Ala.Code 1975, and her resulting sentence of 20 years in prison. The evidence presented at trial tended to establish the following.
 

 On the evening of April 16, 2005, Barrett and her niece drove from Barrett’s house in Walker County, Alabama, to a party in Bessemer, Alabama. Barrett was driving her Geo Storm automobile. On the way to the party, Barrett purchased a half of a case of Corona beer and a half of a case of Heineken beer. During the party, Barrett drank some beer, and visited with friends. At some point in the early morning hours of April 17, 2005, Barrett and her niece left the party to go home. Barrett was driving the ear.
 

 On the way home, Barrett drove down U.S. Highway 78 in Jefferson County. At some point while on Highway 78, Barrett got behind Howard Chappell. Chappell was driving a Mercury Villager Van. Barrett attempted to pass Chappell; however, her vehicle struck the back of Chappell’s vehicle. The collision caused both vehicles to leave the road and strike separate trees. Chappell died as a result of the collision.
 

 Following the accident, Barrett was arrested for driving under the influence, a violation of § 32-5A-191, Ala.Code 1975. After her arrest, Barrett submitted to a blood-alcohol test. The results indicated Barrett had a blood-alcohol level of 0.096%. Barrett was subsequently charged with reckless manslaughter, a violation of § 13A-6-3 (a)(1), Ala.Code 1975.
 

 At trial, Barrett requested that the jury be charged on criminally negligent homicide, § 13A-6-4, Ala.Code 1975, and vehicular homicide, § 32-5A-192, Ala.Code 1975, as lesser-included offenses of reckless manslaughter. The circuit court charged the jury on criminally negligent homicide; however, it refused Barrett’s request for a jury instruction on vehicular homicide. After deliberating, the jury found Barrett guilty of manslaughter as charged in the indictment.
 

 On appeal, Barrett argues that the circuit court’s jury instructions were defective. Specifically, Barrett argues that the circuit court abused its discretion by refusing to instruct the jury on vehicular homicide as a lesser included offense of reckless manslaughter. We agree.
 

 “It has long been the law in Alabama that a [circuit] court has broad discretion in formulating jury instructions, provided those instructions are accurate reflections of the law and facts of the case.”
 
 Culpepper v. State,
 
 827 So.2d 883, 885 (Ala.Crim.App.2001) (citing
 
 Knotts v. State,
 
 686 So.2d 431, 456 (Ala.Crim.App.1995)). The circuit court’s broad discretion, however, is fettered by a defendant’s “right to have the court charge on the lesser offenses included in the indictment, when there is a reasonable theory from the evidence supporting his position.”
 
 Jones v. State,
 
 514 So.2d 1060, 1063 (Ala.Crim.App.1987) (citing
 
 Wiggins v. State,
 
 491 So.2d 1046 (Ala.Crim.App.1986);
 
 Chavers v. State,
 
 361 So.2d 1106 (Ala.1978); and
 
 Fulghum v. State,
 
 291 Ala. 71, 277 So.2d 886 (1973)). “Even if the defendant denies the charge
 
 in toto,
 
 but the evidence pre
 
 *1289
 
 sented by the State suggests a reasonable theory supporting a charge on a lesser offense, the trial court is obliged to give a charge on the lesser offense when requested.”
 
 Jones,
 
 514 So.2d at 1063 (citations omitted). Lesser-included offenses encompass, among other things, offenses that are “established by proof of the same or fewer than all the facts required to establish the commission of the offense charged” or offenses that “differ[ ] from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interests, to a lesser kind of culpability suffices to establish its commission.” § 13A-l-9(a)(l), (a)(4), Ala.Code 1975.
 

 Barrett was charged with and convicted of reckless manslaughter, which requires the State must prove that she “recklessly cause[d] the death of another person.” § 13A-6-3(a)(l), Ala.Code 1975. She requested and was refused a jury instruction on vehicular homicide which requires proof that she “unlawfully and unintentionally eause[s] the death of another person” while violating “any state law or municipal ordinance applying to the operation or use of a vehicle” and the violation proximately caused the death of other person. § 32-5A-192(a), Ala.Code 1975.
 
 [1]
 

 Reviewing these two statutes, this court, in
 
 Culpepper v. State,
 
 determined a person charged with reckless manslaughter stemming from an alcohol related accident that resulted in the death of another person is entitled to a jury instruction on vehicular homicide as a lesser-included offense. 827 So.2d 883, 885 (Ala.Crim.App.2001). Brian Culpepper drank alcohol and chose to drive his vehicle.
 
 Id.
 
 at 884-85. While driving, he hit a tractor-trailer truck and lost control of his vehicle.
 
 Id.
 
 His vehicle then crossed a median and struck another vehicle which, in turn, struck a motorcycle.
 
 Id.
 
 The driver of the vehicle that Culpep-per struck and the driver of the motorcycle died as a result of the accident.
 
 Id.
 
 After the accident, Culpepper consented to a blood-alcohol test, which indicated that his blood-alcohol level was 0.15%.
 
 Id.
 

 Based on the DUI related deaths of two individuals, Culpepper was charged with two counts of reckless manslaughter. At trial, Culpepper requested jury instructions on criminally negligent homicide and vehicular homicide.
 
 Id.
 
 The circuit court refused to instruct the jury on vehicular homicide.
 

 After reviewing the charges against Culpepper and the facts presented at trial, this court determined that vehicular homicide was a lesser-included offense of reckless manslaughter.
 
 Id.
 
 at 886. Specifically, this court, applying the Alabama Supreme Court’s holding in
 
 Ex parte Long,
 
 600 So.2d 982 (Ala.1992), overruled on other grounds,
 
 Ex parte Edwards,
 
 816 So.2d 98 (Ala.2001), and
 
 Ex parte Jordan,
 
 486 So.2d 485 (Ala.1986), determined that in circumstances where a defendant is charge with reckless manslaughter for causing an accident and death by violating the State’s DUI law, vehicular homicide contains the same or fewer elements as reckless manslaughter.
 
 Id.
 
 at 886. Therefore, under those circumstances, a defendant is entitled to a jury instruction on vehicular homicide as a lesser-included offense of reckless manslaughter.
 
 Id.; see also Crawford v. State,
 
 886 So.2d 846, 848-49 (Ala.Crim.App.2003) (holding that vehicular homicide was a lesser-included offense of murder and manslaughter when
 
 *1290
 
 the facts established that the defendant, while intoxicated, drove his vehicle and caused an accident that resulted in the death of another individual);
 
 Ex parte Long,
 
 600 So.2d at 985-87 (holding that vehicular homicide was a lesser-included offense of murder when the facts established that the defendant ran his vehicle over a curb and killed an individual).
 

 Applying this court’s decision in
 
 Culpep-per
 
 to the facts of this case, Barrett was entitled to a jury instruction on vehicular homicide as a lesser-included offense of reckless manslaughter. Barrett was charged with reckless manslaughter as follows:
 

 “SHANA LEE BARRETT, whose name is to the grand jury otherwise unknown, did recklessly cause the death of HOWARD CHAPPELL JR by driving under the influence striking his vehicle causing his death, in violation of Section 13A-6 — 3(a)(1) of the Alabama Criminal code, against the peace and dignity of the State of Alabama.”
 

 (C.R. 16.) To convict Barrett of reckless manslaughter as charged in the indictment, the State had to establish that Barrett caused the death of Chappell and that she did so recklessly, i.e., by driving her vehicle while under the influence of alcohol in violation of § 32-5A-191, Ala.Code 1975. Further, the evidence adduced at trial established that Barrett drove her vehicle with a .096% blood-alcohol level in violation of § 32-5A-191, and in doing so caused an accident and the death of Chappell.
 

 Accordingly, under the charge and the facts of this case, vehicular homicide (a death caused by Barrett driving under the influence of alcohol), required proof of the same or fewer facts as the facts necessary to establish reckless manslaughter (Barrett recklessly caused a death by driving under the influence).
 
 See Culpepper,
 
 827 So.2d at 886 (holding that “ ‘the same or fewer than all of the facts’ required to establish manslaughter were required to establish ... vehicular homicide, so that [that offense] thereby fall[s] within the definition of an included offense in § 13A-1 — 9(a)(1)”). Therefore, under the facts of Barrett’s case, vehicular homicide is a lesser-included offense of reckless manslaughter, and the circuit court erred in failing to so instruct the jury.
 
 Id.
 

 Further, the circuit court’s refusal to instruct the jury on vehicular homicide was not harmless because “[n]othing in the jury’s verdict supports the contention that it could not have returned a verdict on [the offense of vehicular homicide] instead of manslaughter if it had been given the opportunity, or that any finding implicit in the jury’s verdict necessarily precludes a verdict on [vehicular homicide].”
 
 Ex parte Long,
 
 600 So.2d at 987, overruled on other grounds,
 
 Ex parte Edwards,
 
 816 So.2d at 107;
 
 see also Crawford v. State,
 
 886 So.2d 846, 849 (Ala.Crim.App.2003) (holding that the jury’s verdict convicting the defendant of manslaughter did not preclude a verdict on vehicular homicide; therefore, the circuit court’s erroneous refusal to instruct the jury on vehicular homicide was not harmless). Given the opportunity, under the facts and circumstances of this case, the jury could have returned a verdict for homicide by vehicle. Therefore, the circuit court’s judgment is due to be reversed.
 

 Based on the foregoing, the circuit court’s judgment is reversed, and this cause is remanded for a new trial.
 

 REVERSED AND REMANDED.
 

 WISE, P.J., and WELCH, KELLUM, and MAIN, JJ., concur.
 

 [1]
 

 . In
 
 Ex parte Edwards,
 
 the Alabama Supreme Court explained that a person acts unintentionally for vehicular homicide purposes if that person acts knowingly, recklessly, or negligently.
 
 A.L.L. v. State,
 
 [Ms. 1080395, Aug. 21, 2009]-So.3d - , - (Ala.2009) (citing
 
 Ex parte Edwards,
 
 816 So.2d 98, 107 (Ala.2001)).