On Rehearing Ex Mero Motu

BURKE, Judge.
This Court’s opinion of May 3, 2013, is withdrawn, and the following is substituted therefor. On May 12, 2011, Willie James Walker II was arrested for discharging a firearm into an occupied vehicle. Walker’s bond was set at $7,500. On November 22, 2011, Walker was indicted and charged with the offense of discharging a firearm into an occupied vehicle, a violation of § 13A-11-61, Ala.Code 1975. On September 26, 2012, the charge was reduced to menacing, a violation of § 13A-6-23, Ala. Code 1975, and Walker pleaded guilty. He was sentenced to 12 months’ imprisonment and was ordered to pay a $100 fine and a bail-bond fee of $262.50 pursuant to § 12-19-311(a)(l)b„ Ala.Code 1975. At the sentencing hearing, defense counsel objected to the assessment of the bail-bond fee, arguing that the imposition of it would be ex post facto law and noting that Walker did not make bond so there was no court administrative cost involved. On October 4, 2012, Walker filed a motion to reconsider the assessment of the bail-bond fee, which the circuit court subsequently denied.
On appeal, Walker argues, among other things, that the imposition of the bail-bond fee for his offense, which occurred on May 12, 2011, was unconstitutional as applied to him because, he argues it violates the ex *944 post facto clause contained in the Alabama Constitution and in Art. I, § 10, of the United State Constitution, which states, in pertinent part: “No state shall ... pass any ... ex post facto law.” We note that on appeal the State concedes that “[a] remand is necessary because the imposition of the bail bond fees pursuant to Section 12-19-311, Code of Alabama (1975) in this case violates the ex post facto clause.” (State’s brief, at 5.)
Section 12-19-311, Ala.Code 1975, provides, in pertinent part:
“(a)(1) In addition to all other charges, costs, taxes, or fees levied by law on bail bonds, additional fees as detailed in paragraph a. and paragraph b. shall be imposed on every bail bond in all courts of this state.
“... . The fees shall be assessed as follows:
“b. For a misdemeanor offense, a bail bond fee in the amount of 3.5 percent of the total face value of the bail bond or one hundred dollars ($100), whichever is greater, but not to exceed four hundred fifty dollars ($450). For a felony offense, a bail bond fee of 3.5 percent of the total face value of the bail bond or one hundred fifty dollars ($150), whichever is greater, but not to exceed seven hundred fifty dollars ($750). Except that if a person is released on a judicial public bail, recognizance, or signature bond, including a bond on electronic traffic and nontraffic citations, the fee shall be affixed at twenty-five dollars ($25). For purposes of this section, face value of bond shall mean the bond amount set by court or other authority at release, not the amount posted at release on bail.”
Section 12-19-311(a)(l)b., Ala.Code 1975, was approved by the governor on May 22, 2012, and became effective on August 1, 2012.
In the present case, Walker was arrested for the offense on May 12, 2011. At his sentencing hearing, he was sentenced to 12 months’ imprisonment and was ordered to pay a $100 fine and a bail-bond fee of $262.50 pursuant to § 12-19-311(a)(l)b., Ala.Code 1975. However, it was undisputed by the State and defense counsel that Walker had been in jail for over a year since his arrest and that he should receive credit for the time already served. Defense counsel also noted at the sentencing hearing that Walker did not post a bond and, thus, should not be required to pay the bail-bond fee. The record also does not indicate that Walker was ever released from jail on bail.
Section 12-19-311(a)(l)b., Ala.Code 1975, provides for the imposition of the bail-bond fees “on every bail bond in all courts of this state”; however, it does not provide for the imposition of such fees on a criminal defendant who was not released on bail. Therefore, the imposition of this bail-bond fee by the circuit court was improper in this case because Walker was not let out on bond. Accordingly, we remand this case to the circuit court with directions to amend Walker’s sentence to exclude the imposition of the bail-bond fee in accordance with this opinion. Due return shall be made to this Court within 21 days of the date of the release of this opinion.
ON REHEARING EX MERO MOTU: OPINION OF MAY 3, 2013, WITHDRAWN; OPINION SUBSTITUTED; *945 REMANDED WITH DIRECTIONS.*
WINDOM, P. J., and WELCH, KELLUM, and JOINER, JJ., concur.

Note from the reporter of decisions: On August 23, 2013, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.