On Application for Rehearing
WELCH, Judge.
This Court’s unpublished memorandum dated August 5, 2016, is withdrawn and the following opinion is substituted therefor. . Charles Sanchase White was indicted for the attempted murder of Deputy Sheriff Antonio Bostic. White was convicted for the lesser-included offense of attempted first-degree assault. See §§ 13A-4-2 and 13A-6-20(a)(l), Ala. Code 1975. He was sentenced to 20 years in prison. White appeals.
The evidence at trial tended to show that the following events took place on the late evening of November 25, 2013, and into the early morning of November 26, 2013. Acting on a tip that a burglary might take place at a particular location by a man armed with a pistol, Deputy Bostic parked his unmarked police . vehicle, a truck, in a driveway of an abandoned home near the location of the possiblé burglary. Bostic testified that he was alone inside his truck and that his truck was “completely blacked out so no one could see [him].” (R. 210.) Bostic was wearing his “class' B” uniform, which includes a blue vest with an embroidered badge and the word “Sheriff,” and a name tag. Bostic testified that he was “clearly identifiable” as a law-enforcement officer. (R. 222.) White arrived near Bostic’s location and began to walk toward Bostic’s truck. At that time it was dark, cold, and raining. White was wearing a red “hoodie” and his hands were concealed inside the pockets of the hoodie. (R. 220.) White approached Bostic’s truck, and as White “came around-to the left quarter panel” of Bostic’s truck, Bostic quickly got out of the truck with -bis pistol drawn, and, in a manner Bostic described as “yelling,” Bostic identified himself as a law-enforcement officer and commanded White to show his hands. (R. 260.) It was Bostic’s testimony that. White’s “initial reaction” *544 was to retreat toward the front of Bostic’s vehicle; however, Bostic testified, White “stopped, he turned around” toward Bostic, he “[brought] up his arm,” point[ed] a gun “at [Bostic],” and as Bostic “ducked for cover,” White fired a gunshot toward Bostic, but missed Bostic. (R. 222, 223, 248-49, 261.)' Bostic testified that he saw the flash from the muzzle of White’s pistol and that there was “no doubt in [his] mind that a shot was fired at [him].” (R. 262.) Bostic immediately rose from his crouched position and fired two gunshots toward White. Both gunshots missed White. White ran into the nearby woods where he discarded his pistol and continued to evade police for a brief period before being captured;
White was charged with attempted murder under § 13A-6-2(a)(l), Ala. Code 1975. He was convicted of the lesser included offense of attempted first-degree assault, as defined in § 13A-6-20(a)(l), Ala. Code 1975.
White contends on appeal, as he did at trial, that there was a reasonable theory from the evidence, if believed by the jury, to support a jury charge on the lesser offenses of attempted second-degree assault under § 13A-6-21(a)(2), Ala. Code 1975, and menacing, § 13A-6-23, Ala. Code 1975. Therefore, he contends that the trial court erred in refusing his requested jury instructions on those lesser offenses.
I.
White contends that the trial court erred when it refused to instruct the jury on attempted second-degree assault.
“‘“A trial court has broad discretion in formulating its jury instructions, providing they are an accurate reflection of the law and facts of the case. Coon v. State, 494 So.2d 184 (Ala.Cr.App. 1986). When requested charges are either fairly and substantially covered by the trial judge’s oral charge or are confusing, misleading, ungrammatical, not predicated on a consideration of the evidence, argumentative, abstract, or a misstatement of the law, the trial judge may properly refuse to give such charges. Ex parte Wilhite, 485 So.2d 787 (Ala. 1986).
“ Ward v. State, 610 So.2d 1190, 1194 (Ala.Cr.App. 1992).’
“Hemphill v. State, 669 So.2d 1020, 1021 (Ala.Crim.App. 1995). Further,
“ ‘ “ ‘A person accused of the greater offense has a right to have the court charge on lesser included offenses when there is a reasonable theory from the evidence supporting those lesser included offenses.’ MacEwan v. State, 701 So.2d 66, 69 (Ala.Crim.App. 1997). An accused has the right to have the jury charged on ‘ “any material hypothesis which the evidence in his favor tends to establish.” ’ Ex parte Stork, 475 So.2d 623, 624 (Ala. 1985). ‘[E]very accused is entitled to have charges given, which would not be misleading, which correctly state the law of his case, and which are supported by any evidence, howeverf ] weak, insufficient, or doubtful in credibility,’ Ex parte Chavers, 361 So.2d 1106, 1107 (Ala. 1978), ‘even if the evidence supporting the charge is offered by the State.’ Ex parte Myers, 699 So.2d 1285, 1290-91 (Ala. 1997), cert. denied, 522 U.S. 1054, 118 S.Ct. 706, 139 L.Ed.2d 648 (1998). However, ‘[t]he court shall not charge the jury with respect to an included offense unless there is a rational basis for a verdict convicting the defendant of the included offense.’ § 13A-l-9(b), Ala. Code 1975. ‘The basis of a *545 charge on a lesser-included offense must be derived from the evidence presented at trial and cannot be based on speculation or conjecture.’ Broadnax v. State, 825 So.2d 134, 200 (Ala.Crim.App. 2000), aff'd, 825 So.2d 233 (Ala. 2001), cert. denied, 536 U.S. 964, 122 S.Ct. 2675, 153 L.Ed.2d 847 (2002). ‘ “A court may properly refuse to charge on a lesser included offense only when (1) it is clear to the judicial mind that there is no evidence tending to bring the offense within the definition of the lesser offense, or (2) the requested charge would have a tendency to mislead or confuse the jury,” ’ Williams v. State, 675 So.2d 537, 540-41 (Ala.Crim.App. 1996), quoting Anderson v. State, 507 So.2d 580, 582 (Ala.Crim.App. 1987).”
“ ‘Clark v. State, 896 So.2d 584, 641 (Ala.Crim.App. 2000) (opinion on return to remand).’
“Harbin v. State, 14 So.3d 898, 909 (Ala.Crim.App. 2008).”
McDaniels v. State, 200 So.3d 1179, 1184-85 (Ala. Crim. App. 2015). Additionally,
“Subsection (1) of § 13A-l-9[, Ala. Code 1975,] provides that an offense is a lesser-included offense if it is established by proof of the same or fewer than all the facts required to establish the charged offense. Subsection (4) provides that an offense is a lesser-included offense if it differs from the charged offense only in the respect that a lesser kind of culpability suffices to establish its commission.”
Crawford v. State, 886 So.2d 846, 848 n.1 (Ala. Crim. App. 2003).
White was charged with attempted murder under § 13A-6-2(a)(l). Murder, a Class A felony, is defined in § 13A-6-2(a)(1) as: ‘With intent to cause the death of another person, [a person] causes the death of that person or of another person.”
An “attempt” to commit a crime is defined in § 13A-4-2 as:
“(a) A’ person is guilty of an attempt to commit a crime if, with the intent to commit a specific offense, he does any overt act' towards the commission of such offense.”
First-degree assault is defined as:
“(a) A person commits the crime of assault in the first degree if:
“(1) With intent to cause serious physical injury to another person, he or she causes serious physical injury to any person by means of a deadly weapon or a dangerous instrument.”
§ 13A-6-20(a)(l), Ala. Code 1975.
“Serious physical injury” is defined as “[p]hysical injury which creates a substantial risk of death, or which causes serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ.” § 13A-l-2(9), Ala. Code 1975. The intent to cause serious physical injury can be inferred from the defendant’s actions. See James v. State, 654 So.2d 59 (Ala. Crim. App. 1994); Edwards v. State, 597 So.2d 1386 (Ala. Crim. App. 1992).
A “deadly weapon” is defined as:
“A fíreárm or anything manifestly designed, made, or adapted for the purposes of inflicting death or serious physical injury. The term includes, but is not limited to, a pistol ,... ”
Section 13A-l-2(7), Ala. Code 1975.
The trial court refused to instruct the jury on attempted second-degree assault as White requested.
Second-degree assault, a Class C felony, is defined in § 13A-6-21(a)(2), Ala. Code 1975, as follows:
*546 ■ “(a) A person commits the crime of assault in the second'degree if the person does any of the following:
[[Image here]]
, “(2) With intent to cause physical injury to another person, he or she causes physical injury to any person by means of a deadly weapon or . a dangerous instrument.”
An attempted second-degree assault is a Class A misdemeanor. § 13A-4-2(d)(4), Ala. Code 1975. “Physical injury” is defined as “[impairment of physical condition or substantial pain.” § 13A-l-2(8), Ala. Code 1975. Attempted second-degree assault can be a lesser-included offense of attempted murder. Johnson v. State, 675 So.2d 85, 86-87 (Ala. Crim. App. 1995)(“[A] defendant may be entitled to a 'charge on assault .in the second degree as a lesser included offense to attempted murder.”); Sorrells v. State, 667 So.2d 142 (Ala. Crim. App. 1994).(appellant charged with attempted murder was found guilty of the lesser-included offense of attempted second-degree assault); and Reed v. State, 717 So.2d 862, 865 (Ala. Crim. App. 1997)(“Second-degree assault differs from first-degree assault only in that the injuries inflicted in first-degree assault are serious physical injuries.”).
The question of the type of harm White intended to inflict on Deputy Bostic was for the jury to resolve. “ ‘Because the element of intent, being [a] state of mind or mental purpose, is usually incapable of direct proof, it may be inferred from the character of the assault, the use of a deadly weapon and other attendant circumstances.’ ” Benton v. State, 536 So.2d 162, 164 (Ala. Crim. App. 1988)(quoting Johnson v. State, 390 So.2d 1160, 1167 (Ala. Crim. App. 1980)). “The question of a defendant’s intent at the time of the commission of the crime is usually an issue for the jury to resolve.” Rowell v. State, 570 So.2d 848, 850 (Ala. Crim. App. 1990), citing Crowe v. State, 435 So.2d 1371, 1379 (Ala. Crim. App. 1983). The jury rejected the greater offense, attempted murder, which required the jury to find- that White intentionally attempted to kill- Deputy Bostic. The only lesser offense presented to the jury-was attempted first-degree assault—an offense requiring proof that White committed an overt act toward causing serious physical injury to Deputy Bostic by means of a deadly weapon. Attempted assault in the second degree*—an overt act toward, causing physical injury by means of a deadly weapon—differed from attempted murder and from attempted first-degree-assault only in regard to the level of intended physical injury. Reed v. State, 717 So.2d 862, 865 (Ala. Crim. App. 1997)(“Second-degree assault , differs from first-degree assault only in that the injuries inflicted in first-degree assault are serious physical injuries.”). Thus, in this case, second-degree , assault was a lesser-included offense of attempted murder because it was established by proof of the same or fewer than all the facts required to establish the commission of that offense, and it differed from attempted murder only in the respect that a less serious injury or risk of injury to the same person existed. Therefore, an instruction on second-degree assault should have been given to the jury, and the trial court erred in refusing to instruct the jury, on the lesser-included offense of second-degree assault.
II. ■
White contends that the trial court erred when it refused to instruct the jury on what he contends was the lesser-included offense of menacing.
Menacing, a Class B misdemeanor, is (jefined in § 13A-6-23, Ala. Code 1975, as:
“(a) A person commits the crime .of menacing ¾ by physical action, he inten *547 tionally places or attempts to place another person in fear of imminent serious physical injury.”
White was entitled to a jury instruction on menacing if there was a reasonable theory from the evidence indicating that White, “by physical action ... intentionally place[d] or attempted] to place” Deputy Bostic “in fear of imminent serious physical injury,” § 13A-6-23, Ala. Code 1975. As with second-degree assault, there was evidence to support a finding of menacing, if the jury determined that by discharging a gunshot at or toward Deputy Bostic it was White’s intent to place or attempt to place Deputy Bostic in fear of imminent serious physical injury.
“The offense of attempted murder is established by showing that, with intent to commit murder, the appellant did some overt act toward the commission of that offense. § 13A-4-2(a), Code of Alabama 1975. ‘A person commits the crime of menacing if, by physical action, he intentionally places or attempts to place another person in fear of imminent serious physical injury.’ Menacing encompasses the situation where ‘ “physical injury” is neither inflicted nor intended.’ Commentary, § 13A-6-23, Code of Alabama 1975.”
Nelson v. State, 595 So.2d 506, 510 (Ala. Crim. App.), rev’d on other grounds, Ex parte Nelson, 595 So.2d 510 (Ala. 1991). See Walker v. State, 137 So.3d 943 (Ala. Crim. App. 2013)(defendant was convicted of menacing after discharging a firearm into an occupied vehicle).
The trial court’s refusal to charge the jury on menacing was error.
III.
“The failure to charge on a lesser-included offense may, in some circumstances, be harmless error.” McNabb v. State, 887 So.2d 929, 977 (Ala. Crim. App. 2001), citing Baker v. State, 906 So.2d 210, 265 (Ala. Crim. App. 2001), rev’d on other grounds, Ex parte Baker 906 So.2d 277 (Ala. 2004)(citing Baker, McNabb explains that, in Baker, “the trial court’s failure to charge the jury on reckless murder and felony murder was, at most, harmless error, where the jury was charged on capital murder, intentional murder, reckless manslaughter and heat-of-passion manslaughter and the jury found the defendant guilty of capital murder.” McNabb, 887 So.2d at 977.) However, the failure to charge the jury on a lesser-included offense is not always harmless error. In Crawford v. State, 886 So.2d 846 (Ala. Crim. App. 2003), Crawford was indicted for reckless murder. The jury rejected the greater offense, reckless murder and, instead, found Crawford guilty of the lesser offense of manslaughter. This Court agreed with Crawford’s contention that the trial court erred when it refused his requested jury instruction on the lesser offense of vehicular homicide. This Court held that, under the facts, “[t]he trial court’s failure to give the charge was not harmless error because, had the jury been given the option, it might have found Crawford guilty of the lesser offense of vehicular homicide.” Crawford, 886 So.2d at 849. Citing Culpepper v. State, 827 So.2d 883 (Ala. Crim. App. 2001), the Crawford Court stated, “ ‘[n]othing in the jury’s verdict supported] the contention that it could not have returned a verdict on the offense of vehicular homicide, had it been given that option.’” Crawford, 886 So.2d at 849 (quoting Culpepper, 827 So.2d at 886-87). The same is true in White’s case. In addition to attempted first-degree assault, the evidence supported other viable lesser-included offenses; thus, the jury should have been given the option to decide the level of culpability it found based on the evidence.
*548 Conclusion
For the reasons set forth above, this Court cannot find the failure to charge the jury on attempted second-degree assault and menacing to be harmless error. Therefore, White’s conviction for first-degree assault is reversed and this case is remanded for proceedings consistent with this opinion.
APPLICATION GRANTED; UNPUBLISHED MEMORANDUM of AUGUST 5, 2016, WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED.
Windom, P.J., and Burke and Joiner, JJ., concur. Kellum, J., not sitting.