Rel: August 23, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2023-2024

_____

### CR-2023-0475

_____

**Brett Steven Amerson**

**v.**

**State of Alabama**

**Appeal from Cullman Circuit Court
(CC-19-526)**

On Return to Remand

WINDOM, Presiding Judge.

Brett Steven Amerson appeals from his convictions for reckless murder, manslaughter, leaving the scene of an accident with injury, driving under the influence, driving while his license was suspended or revoked, and failure to yield right-of-way. See §§ 13A-6-2(a)(2), 13A-6-

3(a)(1), 32-10-1, 32-5A-191, 32-6-19, and 32-5A-111, Ala. Code 1975. Amerson was sentenced as a habitual felony offender to 75 years in prison for the murder conviction, to 30 years in prison for the manslaughter conviction, to 15 years in prison for the conviction for leaving the scene of an accident, to 10 years in prison for the conviction for driving under the influence, to 180 days in jail for the conviction for driving while his license was revoked or suspended, and to 180 days in jail for his conviction for failure to yield right-of-way. The circuit court ordered that his sentences be served consecutively.[1]

Shortly after 5 p.m. on December 18, 2018, Bradley Ray Patterson was traveling on his motorcycle on Alabama State Route 157 when he

---

[1] On original submission, Amerson argued that he was denied his right to counsel during a critical stage of the proceeding – his motion for a new trial. Citing our Supreme Court's holding in Ex parte Pritchett, 117 So. 3d 356 (Ala. 2012), this Court reversed the circuit court's order denying Amerson's motion for a new trial and remanded the case to the circuit court for that court to conduct a hearing on Amerson's motion. This Court directed the circuit court to ensure that Amerson would be represented by counsel unless the circuit court determined that Amerson had knowingly, intelligently, and voluntarily waived his right to counsel. On remand, the circuit court conducted a hearing on Amerson's motion for a new trial, at which Amerson was represented by counsel. At the conclusion of the hearing, the circuit court denied Amerson's motion for a new trial.

encountered a red traffic light. Patterson stopped at the traffic light. When the traffic light turned green, Patterson proceeded through the intersection. At the same time, a large white box truck driven by Amerson was traveling from the opposite direction. Amerson turned at the intersection in front of Patterson, and Patterson's motorcycle collided with Amerson's truck. Patterson was hurled from the motorcycle onto the ground. Amerson proceeded up a ramp to the interstate. Patterson died from his injuries shortly after being transported from the scene.

Witnesses relayed the circumstances of the collision to responding law-enforcement officers and provided a description of the box truck. A short time later, Sgt. Daniel Cummings with the Cullman Sheriff's Office located the box truck parked at a business. The truck appeared to have paint markings on it that matched the color of Patterson's motorcycle. As Sgt. Cummings circled the building, Amerson left the parking lot in the truck. Sgt. Cummings followed the truck and around 6:10 p.m. initiated a traffic stop. Amerson smelled of alcohol and appeared to be highly intoxicated. An empty vodka bottle was inside Amerson's truck. Amerson admitted to Sgt. Cummings that he was intoxicated and asked

Sgt. Cummings what had happened to the person on the motorcycle that he had hit. Amerson was taken into custody.

When questioned by law-enforcement officers at the police station, Amerson initially told the officers that he had struck a deer. A search warrant was obtained to draw Amerson's blood and urine, and those fluids were collected from Amerson at 10:10 p.m. the night of the collision. Amerson's blood and urine were sent to the Alabama Department of Forensic Sciences, where the alcohol content was analyzed. Testing determined the alcohol content of Amerson's blood to be .244 grams per 100 milliliters, or more than 3 times the legal limit. The alcohol content of his urine was determined to be .322 grams per 100 milliliters.

Amerson testified at trial. He claimed that he did not see Patterson when he turned in front of the motorcycle. Amerson testified that he left the scene because he was "in a nervous panic" because his driver's license had been suspended. (R. 709.) Amerson claimed that, after the collision, he drank from the vodka bottle he had been drinking from earlier that day "good and hard." (R. 710.) Amerson apologized for killing Patterson.

On appeal, Amerson argues, among other things, that his convictions for both reckless murder and manslaughter violate double-

jeopardy principles. Specifically, Amerson contends that, under the circumstances in his case, manslaughter is a lesser-included offense of reckless murder.

Amerson was indicted for, and convicted of, both reckless murder and manslaughter for the homicide of a single victim. The indictment read as follows:

> ".... BRETT STEVEN AMERSON, whose name is otherwise unknown to the Grand Jury, did, on or about December 18, 2018, recklessly engage in conduct which manifested extreme indifference to human life and created a grave risk of death to a person other than the said BRETT STEVEN AMERSON by, to-wit: OPERATING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF ALCOHOL, and did thereby cause the death of another person, to-wit: BRADLEY RAY PATTERSON by, to-wit: STRIKING WITH HIS VEHICLE THE VEHICLE THAT BRADLEY RAY PATTERSON WAS OPERATING, in violation of Title 13A-6-2(a)(2) of the Code of Alabama.
>
> ".... BRETT STEVEN AMERSON, whose name is otherwise unknown to the Grand Jury, did on or about December 18, 2018, recklessly cause the death of BRADLEY RAY PATTERSON by operating a vehicle while intoxicated and/or failed to yield right-of-way, in violation of Title 13A-6-3(a)(1) of the Code of Alabama."

(C. 33.)

A person commits the crime of reckless murder "if, under circumstances manifesting an extreme indifference to human life, he or

she recklessly engages in conduct which creates a grave risk of death to a person other than himself or herself, and thereby causes the death of another person." § 13A-6-2(a)(2), Ala. Code 1975. A person commits the crime of manslaughter "if he or she … [r]ecklessly causes the death of another person." § 13A-6-3, Ala. Code 1975.

"It is well settled that '[a] single crime cannot be divided into two or more offenses and thereby subject the perpetrator to multiple convictions for the same offense.'" Hutcherson v. State, 243 So. 3d 855, 877 (Ala. Crim. App. 2017) (quoting Ex parte Darby, 516 So. 2d 786, 787 (Ala. 1987)). Section 13A-1-8(b)(1), Ala. Code 1975, provides that "[w]hen the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if … [one offense is included in the other, as defined in Section 13A-1-9." Section 13A-1-9(a)(3), Ala. Code 1975, defines included offenses as follows:

> "(a) A defendant may be convicted of an offense included in an offense charged. An offense is an included one if:
>
> > "(1) It is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged; or

"(2) It consists of an attempt or solicitation to commit the offense charged or to commit a lesser included offense; or

"(3) It is specifically designated by statute as a lesser degree of the offense charged; or

"(4) It differs from the offense charged only in the respect that a lesser serious injury or risk of injury to the same person, property of public interests, to a lesser kind of culpability suffices to establish its commission.

"(b) The Court shall not charge the jury with respect to an included offense unless there is a rational basis for a verdict convicting the defendant of the included offense."

In the present case, the proof required for reckless murder and manslaughter was simply that Amerson caused Patterson's death by operating his vehicle in such a manner as to cause Patterson's death. Thus, "the same or fewer than all of the facts" required to establish reckless murder were required to establish manslaughter, so that manslaughter thereby falls within the definition of a lesser-included offense to reckless murder in § 13A-1-9(a)(1). Furthermore, the degree of Amerson's culpability was the only question for the jury, and thereby manslaughter falls within the definition of a lesser-included offense to reckless murder in § 13A-1-9(a)(4). Amerson's convictions for reckless murder and manslaughter are based on the homicide of a single victim.

Under the principles set forth herein, manslaughter is a lesser-included offense of reckless murder because manslaughter requires no additional proof other than the proof necessary to establish the commission of reckless murder. Thus, Amerson was subjected to double jeopardy by being twice convicted for the same offense. See Ex parte Long, 600 So. 2d 982 (Ala. 1992) (examining the relative degrees of culpability of the four homicide offenses to determine whether defendant was entitled to a jury instruction for vehicular homicide as a lesser-included offense of murder); Crawford v. State, 886 So. 2d 846 (Ala. Crim. App. 2003) (same); and Culpepper v. State, 827 So. 2d 883 (Ala. Crim. App. 2001).

"'The proper remedy when a defendant is convicted of both a greater and a lesser-included offense is to vacate the conviction and the sentence for the lesser-included offense.'" Hutcherson, 243 at 878 (quoting Williams v. State, 104 So. 3d 254, 265 (Ala. Crim. App. 2012)). Therefore, we remand this case to the circuit court for the court to vacate Amerson's manslaughter conviction and the accompanying sentence.

Although Amerson does not raise this issue on appeal, double-jeopardy principles have also been violated as a result of Amerson's two convictions and sentences for both reckless murder and the lesser-

8

included offense of driving under the influence. This Court has held that such an issue is a jurisdictional defect that this Court has a duty to notice. See Strickland v. State, 92 So. 3d 179 (Ala. Crim. App. 2011). Therefore, we address this issue on appeal despite the fact that it was not raised in his appeal this Court.[2]

In determining whether one offense is included in another, this Court must focus on the factual allegations included in the indictment. See Ex parte Cole, 842 So. 2d 605 (Ala. 2002). As set forth above, Amerson's indictment for reckless murder charged that Amerson recklessly caused the death of Patterson by operating a vehicle while under the influence of alcohol. Thus, Amerson's driving while under the influence of alcohol is the State's sole basis of reckless conduct necessary to establish a violation of § 13A-6-2(a)(2), Ala. Code 1975. Accordingly, under the circumstances in this case, driving under the influence, as charged in Count 3 of the indictment, is a lesser-included offense of reckless murder as charged in Count 1 of the indictment. See Johnson v. State, 922 So. 2d 137 (Ala. Crim. App. 2005) (holding that driving under the influence was lesser-included offense of criminally negligent

_____

[2] Amerson raised this argument in the circuit court.

9

homicide as alleged in indictment, and, thus, separate convictions for those offenses violated double-jeopardy principles). Therefore, Amerson's conviction for driving under the influence violates double-jeopardy principles and, it too, must be vacated on remand.

In addition to this Court's holding of double-jeopardy violations, we also find that Amerson's sentence for failing to yield is illegal. "'Matters concerning unauthorized sentences are jurisdictional.'" Austin v. State, 864 So. 2d 1115, 117 (Ala. Crim. App. 2003) (quoting Hunt v. State, 659 So. 2d 998, 999 (Ala. Crim. App. 1994)). Therefore, although neither party addresses it, we may take notice of an illegal sentence at any time.

The Alabama Rules of the Road Act, § 32-5A-1 et seq., Ala. Code 1975, governs the operation of vehicles on the roadways in this state. Section 32-5A-3, Ala. Code 1975, provides that "[i]t is unlawful and, unless otherwise declared in this chapter with respect to particular offenses, it is a misdemeanor for any person to do any act forbidden or fail to perform any act required by this chapter." Section 32-5A-8, Ala. Code 1975, provides:

> "(a) It is a misdemeanor for any person to violate any of the provisions of this chapter or of Title 32, unless such violation is by this chapter or other law of this state declared to be a felony.

10

"(b) Every person convicted of a misdemeanor for a violation of any of the provisions of this chapter for which another penalty is not provided, shall for a first conviction thereof be punished by a fine of not more than $100.00 or by imprisonment for not more than 10 days; for conviction of a second offense committed within one year after the date of the first offense, such person shall be punished by a fine of not more than $200.00 or by imprisonment for not more than 30 days or by both such fine and imprisonment; for conviction of a third or subsequent offense committed within one year after the date of the first offense, such person shall be punished by a fine of not more than $500.00 or by imprisonment for not more than three months or by both such fine and imprisonment."

Because § 32-5A-112 does not provide a specific punishment for the offense of failure to yield, § 32-5A-8 applies. Under § 32-5A-8, Amerson could receive a sentence of imprisonment for only "not more than 10 days" to "not more than three months." Therefore, the 180-day sentence imposed by the circuit court was illegal, and we remand this cause for the circuit court to conduct a new sentencing hearing at which Amerson is entitled to be present and represented by counsel and to resentence Amerson for his failure-to-yield conviction.

Due return shall be made to this Court within 56 days of this decision and shall include a transcript of the sentencing hearing conducted on remand as well as the circuit court's orders vacating the

11

manslaughter and the driving-under-the-influence convictions and an amended sentencing order.

Because this case must be remanded to the circuit court for further proceedings, we pretermit discussion of Amerson's remaining claims until return is made to this Court.

REMANDED WITH INSTRUCTIONS.

Kellum, McCool, Cole, and Minor, JJ., concur.